[Cite as *Am. Tax Funding L.L.C. v. Miamisburg*, 2011-Ohio-4161.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

AMERICAN TAX FUNDING, LLC.,   :
                        et al.
    Plaintiff-Appellants   :    C.A. CASE NO. 24494

vs.                        :    T.C. CASE NO. 10CV5710

CITY OF MIAMISBURG, ET AL   :

    Defendant-Appellees   :

. . . . . . . . .

O P I N I O N

Rendered on the 19th day of August, 2011.

. . . . . . . . .

David S. Anthony, Atty. Reg. No. 0074431; John N. Zomoida, Jr., Atty. Reg. No. 0072742, 1000 West Wallings Rd, Suite A, Broadview Heights, OH 44147
    Attorney for Plaintiff-Appellants

Robert J. Surdyk; Kevin A. Lantz, 1 Prestige Place, Suite 700, Miamisburg, OH 45342
    Attorney for Defendant-Appellee

J. Joseph Walsh, 201 East Sixth Street, Dayton, OH 45402
    Attorney for Third Party Defendant-Appellee, Michael J. King

. . . . . . . . .

GRADY, P.J.:

{¶ 1} This is an appeal from a final order granting a Civ.R. 12(C) motion for judgment on the pleadings in an action brought pursuant to 42 U.S.C. §1983, the federal "civil rights" statute.

{¶ 2} R.C. 5126.32 authorizes the county treasurer to sell certificates of tax liens at public auction, and to thereafter record the sales in the tax certificate register.

{¶ 3} R.C. 715.26(B) authorizes municipalities to provide for the removal or repair of unsafe or structurally defective buildings, and further provides that at least thirty days prior to the removal or repair "the municipal corporation . . . shall give notice of its intention with respect to such removal or repair to the holders of legal or equitable liens of record upon the real property on which such building is located and to the owners of record of such property."

{¶ 4} The underlying action was commenced on July 16, 2010, by American Tax Funding, LLC ("ATF") and ATFH Real Property, LLC ("ATFH") against the City of Miamisburg. ("Miamisburg"). The Plaintiffs' complaint alleged that ATF purchased tax certificates of liens on real property located at 747 East Sycamore Street in Miamisburg, Ohio, on three separate dates: November 21, 2005; October 26, 2006; and September 28, 2007.

{¶ 5} The complaint further alleged that ATF  filed a complaint in foreclosure on its liens on May 12, 2008, and thereafter assigned its interest to ATFH, which acquired title to the property by a Sheriff's Deed recorded on May 14, 2010.

{¶ 6} The complaint further alleged that "[b]etween November

21, 2005 and May 24, 2010, the City of Miamisburg, Ohio . . . caused the structure upon the Property to be demolished, but the City did not provide ATF and/or ATFH with at least thirty days notice of its intention to remove the structure as required by R.C. 715.26(B)."

{¶ 7} The complaint further alleged that the failure of notice "violated the due process rights of ATF and/or ATFH as guaranteed by the Fourteenth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution."

{¶ 8} Finally, the complaint alleged that demolition of the structure "caused the value of the Property be reduced by $41,000," and the plaintiffs prayed for a judgment in that amount as well as associated legal and equitable relief.

{¶ 9} Miamisburg filed a responsive pleading on August 11, 2010. Miamisburg admitted "that, on or about January 8, 2008, it caused a structure located on the property at 747 East Sycamore Street, Miamisburg, Montgomery County, Ohio, to be demolished." Miamisburg denied the remaining allegations of the complaint for lack of knowledge or as untrue. Miamisburg also pled seventeen affirmative defenses, the last of those being that "Plaintiffs' claims are barred by the applicable statute of limitations."

{¶ 10} On August 31, 2010, Miamisburg filed a Civ.R. 12(C) motion for a judgment on the pleadings. The motion presented two

grounds for relief.

{¶ 11} Miamisburg first argued that money damages are unavailable for the constitutional due process violations alleged except pursuant to 42 U.S.C. §1983, and that Plaintiffs failed to plead that claim for relief; and, more specifically, that Plaintiffs' complaint failed to allege that Miamisburg had acted under color of law, an essential element of a 42 U.S.C. §1983 claim.

{¶ 12} Second, Miamisburg argued that, even assuming that the civil rights claim was properly pled, the action Plaintiffs commenced was untimely filed. Per *Nadra v. Mbah*, 119 Ohio St.3d 305, 2008-Ohio-3918, the two-year statute of limitations for personal injury actions, R.C. 2305.10, governs 42 U.S.C. §1983 actions filed in the courts of Ohio. Because Miamisburg had demolished the house on January 8, 2008, the Plaintiffs' action then accrued. Therefore, the action Plaintiffs commenced on July 10, 2010, more than two years thereafter, was not timely filed.

{¶ 13} Plaintiffs filed a memorandum contra Miamisburg's motion. Plaintiffs argued, among other things, that there is an issue of fact concerning when their action accrued. Plaintiffs contended that even if the demolition occurred on January 8, 2008, they were then unaware of that fact. Plaintiffs argued that their action accrued only later, when they discovered that the building had been demolished. Plaintiffs relied on *Ormiston v. Nelson*

(1997), 117 F.3d 69, which held that 42 U.S.C. §1983 actions "based upon medical or psychiatric confinement, like other section 1983 claims, accrue when the plaintiff 'knows or has reason to know of the injury which is the basis of his action.' *Id.*, at p. 70.

{¶ 14} Miamisburg responded that the discovery rule is unavailing to Plaintiffs' claims. Miamisburg attached to its submission certified copies of five postal receipts returned in the foreclosure action Plaintiffs filed. The receipts are marked as Exhibits B through F. The receipts indicate that service of process Plaintiffs had five times attempted on the defendant in the foreclosure action at "747 Sycamore Street, Miamisburg, Ohio, 45342," were returned without service, each indicating, "No Such Number/Street." The return receipts were filed in the foreclosure action as early as May 20, 2008, and as late as June 30, 2008. Miamisburg asked the court to take judicial notice of the five Exhibits, and to find that, even if the discovery rule applies, Plaintiffs' action on their 42 U.S.C §1983 commenced to run on May 20, 2008. On that basis, the action they commenced on July 10, 2010, more than two years later was likewise untimely.

{¶ 15} The trial court overruled Miamisburg's motion for judgment on the pleadings. Miamisburg moved for reconsideration. Plaintiffs opposed the motion for reconsideration, and also moved to amend their complaint to correct any alleged defect in pleading

their 42 U.S.C. §1983 claim. The trial court granted Miamisburg's motion for reconsideration. The court allowed the parties until December 14, 201 to file supplemental memoranda on the statue of limitations issue and on Plaintiffs' motion to amend their complaint.

{¶ 16} Miamisburg filed a supplemental memorandum on December 14, 2010. Plaintiffs filed none. On January 19, 2011, the trial court granted Miamisburg's motion for judgment on the pleadings. The court agreed with Plaintiffs that the discovery rule applies to Miamisburg's statute of limitations claim. However, after taking judicial notice of Exhibits B through F attached to Miamisburg's prior submission, the court found "that Plaintiff should have known of the injury, i.e. the demolition of which they received no notice on June 30, 2008 at the very latest. Plaintiffs waited to file the present action until July 16, 2010, more than two years after June 30, 2008. Accordingly, this court holds that Plaintiffs' section 1983 claim is barred by the applicable statute of limitations." (Dkt. 29, p. 5).

{¶ 17} Plaintiffs filed a notice of appeal on February 18, 2011 from the trial court's final order of January 19, 2011.

ASSIGNMENT OF ERROR

{¶ 18} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶ 19} "A.    THE TRIAL COURT ERRED BY GOING BEYOND THE FOUR CORNERS OF THE PLEADINGS IN SUPPORT OF ITS DECISION TO GRANT DEFENDANT-APPELLEES'S MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶ 20} "B.    THE TRIAL COURT ERRED BY DECIDING A QUESTION OF MATERIAL FACT IN SUPPORT OF ITS DECISION TO GRANT DEFENDANT-APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS."

{¶ 21} Civ.R. 12(C) provides: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."

{¶ 22} Unlike a motion to dismiss filed pursuant to Civ.R. 12(B), which is limited to claims for relief in the pleadings, a motion to dismiss filed pursuant to Civ.R. 12(C) is directed to all the pleadings, including any defensive pleadings. "[T]his means all the pleadings, as well as any material incorporated therein or attached thereto as exhibits."  Klein/Darling, Baldwin's Ohio Civil Practice, §12:10.  However, "determination of the motion for judgment on the pleadings is restricted solely to the allegations in the pleadings."  *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161.  Further, ". . . Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law."  *State ex rel. Midwest Pride v. Pontious* (1996), 75 Ohio St. 3d 565, 570.

{¶ 23} Civ.R. 7(A) provides that the pleadings include the

complaint and answer. Civ.R. 7(B) distinguishes a motion from a pleading, and states that a motion is "[a]n application to the court for an order."

{¶ 24} Miamisburg pleaded a statute of limitations affirmative defense in its answer. That matter was therefore available as grounds for the Civ.R. 12(C) motion Miamisburg filed. In ruling on the motion, the trial court expressly relied on the copies of postal return receipts that Miamisburg submitted as Exhibits B through F attached to its memorandum in reply to the "discovery rule" argument that Plaintiffs made in opposition to Miamisburg's Civ.R. 12(C) motion. Miamisburg's Civ.R. 12(C) motion and the memoranda that followed were not pleadings. Therefore, the trial court erred when it relied on the Exhibits in determining Miamisburg's Civ.R. 12(C) motion.

{¶ 25} Miamisburg argues that Plaintiffs waived the error because they failed to object to or move to strike the Exhibits. Miamisburg had asked the court to take judicial notice of the Exhibits as copies of documents in the records of the clerk of court, and the court apparently did that. Miamisburg relies on *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, which suggests that a court may take judicial notice of appropriate matters in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state claim upon which relief may be granted without

having to convert it to a motion for summary judgment.

{¶ 26} We agree that Plaintiffs waived the trial court's error in taking judicial notice of the Exhibits on which Miamisburg relied. We also agree that a court may take judicial notice of its own records. However, whether the matter for which those records were considered is "appropriate" depends on the purpose for which they were considered. That implicates Plaintiff's second contention: that a genuine issue of material fact remains to be determined regarding their "discovery" argument.

{¶ 27} Even though the applicable limitations period in state law determines the statute of limitations period for 42 U.S.C. §1983 actions, "federal law governs the determination of the accrual date (that is, the date the statute of limitations begins to run) for purposes of the statute of limitations in a section 1983 action." *Ormiston v. Nelson*, at p. 71. Application of the discovery rule may be appropriate in those actions. *Id*. The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York* (1980), 632 F.2d 185, 191.

{¶ 28} The pleadings do not support a finding that Plaintiffs knew of their injury on January 8, 2008, the date on which Miamisburg alleges it demolished the building on Plaintiff's property. Neither does the record demonstrate when Plaintiffs first learned

that the building had been demolished. Nevertheless, if Plaintiffs by the exercise of reasonable diligence should have known of their injury on a date more than two years before they commenced their action, Miamisburg was entitled to a judgment of dismissal on the Civ.R. 12(C) motion it filed. *O'Stricker v. Jim Walter Corp*. (1983), 4 Ohio St.3d 84.

{¶ 29} The discovery rule requires that two factors be discovered before the two-year limitations period in R.C. 2305.10 begins to run: first, a plaintiff must know or reasonably should have known that he has been injured; second, a plaintiff must know or reasonably should know that his injury was proximately caused by the conduct of defendant. *Viock v. Stowe-Woodward Company* (1983), 13 Ohio App.3d 7. The statute of limitations does not begin to run until both prongs are satisfied. *Norgard v. Brush Wellman, Inc.*, 95 Ohio St.3d 165, 2002-Ohio-2007, at ¶9. In that case the Supreme Court explained:

{¶ 30} "Since the rule's adoption, the court has reiterated that discovery of an injury alone is insufficient to start the statute of limitations running if at that time there is no indication of wrongful conduct of the defendant. Moreover, the court has been careful to note that the discovery rule must be specially tailored to the particular context to which it is to be applied. *Browning v. Burt* (1993), 66 Ohio St.3d 544, 559, 613

N.E.2d 993." *Id.*, at ¶10.

{¶ 31} In the determination of a Civ.R. 12(C) motion, the nonmoving party is entitled to have all of the material allegations in the pleading, with all reasonable inferences to be drawn therefrom, construed in his favor as true. *State ex rel. Midwest Pride IV, Inc. v. Pontious*. On that basis, reasonable minds could conclude that the postal return receipts that were filed in the foreclosure action Plaintiffs commenced should have put them on notice that the building on their property may no longer exist. However, reasonable minds could also conclude that the Plaintiffs would not thereby also have known that their injury was proximately caused by Miamisburg's demolition of the building, the foundation of the wrongful conduct Plaintiff's complaint alleges. Therefore, the trial court erred when it granted Miamisburg's Civ.R. 12(C) motion and dismissed Plaintiff's 42 U.S.C. §1983 action.

{¶ 32} Plaintiff-Appellant's assignment of error is sustained. The judgment from which the appeal was taken will be reversed, and the matter will be remanded for further proceedings, consistent with our opinion.

FAIN, J. And HALL, J., concur.

Copies mailed to:

David S. Anthony, Esq.
John N. Zomoida, Jr., Esq.
Robert J. Surdyk, Esq.
Kevin A. Lantz, Esq.
J. Joseph Walsh, Esq.
Hon. Connie S. Price