[Cite as *State ex rel. Powell v. Mt. Healthy*, 2013-Ohio-4873.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO EX REL. JOSEPH R. POWELL, | : | APPEAL NO. C-130116<br>TRIAL NO. A-1205217 |
| | : | |
| Relator-Appellant, | | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| CITY OF MOUNT HEALTHY, | | |
| | : | |
| JOSEPH T. ROETTING, | | |
| | : | |
| WILLIAM KOCHER, | | |
| | : | |
| and | | |
| | : | |
| MOUNT HEALTHY CIVIL SERVICE COMMISSION, | | |
| | : | |
| Respondents-Appellees. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 6, 2013


*FOP/Ohio Labor Council, Inc., Douglas J. Behringer,* General Counsel, and *Paul L. Cox,* Chief Counsel, for Relator-Appellant,

*Schroeder, Maundrell, Barbiere & Powers* and *Lawrence E. Barbiere,* for Respondents-Appellees.


 Please note: this case has been removed from the accelerated calendar.

**HILDEBRANDT, Judge.**

{¶1} Relator-appellant Joseph R. Powell appeals the judgment of the Hamilton County Court of Common Pleas granting the motion for judgment on the pleadings filed by respondents-appellees City of Mt. Healthy, Mayor Joseph T. Roetting, Safety Service Manager William Kocher, and Mt. Healthy Civil Service Commission (collectively, "Mt. Healthy") in a mandamus action.

### Powell's Asserted Right to Promotion

{¶2} Powell is a police officer for Mt. Healthy. In 2012, he filed a mandamus action seeking promotion to the rank of sergeant.

{¶3} In his complaint, Powell alleged that the Mt. Healthy Civil Service Commission had conducted an examination for the rank of sergeant. According to the complaint, the commission had graded the examination and had certified an eligibility list containing three officers. Of those three, Powell had scored second.

{¶4} Powell further alleged that, in July 2011, Greg Nolte had been promoted to sergeant from the eligibility list, thus making Powell the highest rated officer on the list. Then, in March 2012, Sergeant John Wert retired. Powell maintained that Mt. Healthy had a duty under R.C. 124.44 to promote him to sergeant after Wert's retirement.

{¶5} Mt. Healthy refused to make the appointment, contending that the city did not need another sergeant in the force. It filed an answer and attached a copy of its collective-bargaining agreement ("CBA") with the police union.

{¶6} Section 8.1 of the CBA stated that "[t]he Employer's exclusive rights include[d]," but were not limited to, a number of enumerated items. Among those were the right to:

[d]etermine matters of inherent managerial policy, which include, but are not limited to areas of discretion or policy such as functions and programs, standards of service, overall budget, use of technology and organization structure * * *.

{¶7} The CBA then listed various managerial rights, including the right to "[s]uspend, discipline, demote, or discharge, for just cause, or lay off, transfer, assign, schedule, promote, or retain employees * * *." Based on this contractual language, Mt. Healthy filed a motion for judgment on the pleadings, contending that it had retained the right to determine the appropriate complement of sergeants in the police force. The trial court granted the motion, and Powell has appealed.

{¶8} In three related assignments of error, Powell argues that the trial court erred in granting Mt. Healthy's motion for judgment on the pleadings. We address the assignments together.

**The Trial Court's Consideration of the CBA**

{¶9} Powell first argues that the court erred in considering the CBA when it ruled on the Civ.R. 12(C) motion. We find no merit in this argument.

{¶10} Under Civ.R. 12(C), a judgment on the pleadings is proper where the court construes all material allegations in the complaint, along with all reasonable inferences, as true and in favor of the plaintiff and concludes, beyond doubt, that the plaintiff can prove no set of facts to support the claim for relief. *Sullivan v. Anderson Twp.,* 1st Dist. Hamilton No. C-070253, 2009-Ohio-6646, ¶ 7.

{¶11} In ruling on a motion under Civ.R. 12(C), the trial court is permitted to consider both the complaint and answer. *State ex rel. Midwest Pride IV, Inc., v. Pontious*, 75 Ohio St.3d 565, 569, 664 N.E.2d 931 (1996). The court may also consider any material attached to the pleadings or incorporated by reference in the

pleadings. *See Am. Tax Funding, LLC v. Miamisburg,* 2d Dist. Montgomery App. No. 24494, 2011-Ohio-4161, ¶ 22. Under Civ.R. 10(C), a copy of a "written instrument attached to a pleading is a part of the pleading for all purposes."

{¶12} In this case, Mt. Healthy attached a copy of the CBA to its answer and incorporated it by reference in the pleading. Therefore, the trial court did not err in considering the contract when ruling on Mt. Healthy's motion.

### Mandamus and the CBA's Provisions Regarding Promotions

{¶13} Powell next argues that the court erred in concluding that Mt. Healthy had no duty to promote him. To be entitled to a writ of mandamus, the relator must show (1) that he has a clear legal right to the requested relief, (2) that the respondent has a clear legal duty to perform the act, and (3) that the relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle,* 6 Ohio St.3d 28, 29, 451 N.E.2d 225 (1983). An appellate court reviews a decision under Civ.R. 12(C) de novo. *Mallory v. Cincinnati,* 1st Dist. Hamilton No. C-110563, 2012-Ohio-2861, ¶ 9.

{¶14} Powell contends that the trial court erred in concluding that the issue of promotions was covered in the CBA and in holding that the CBA prevailed over the provisions of R.C. Chapter 124.

{¶15} R.C. 4117.10(A) addresses the relationship between collective-bargaining agreements and laws governing the terms of public employment. The statute provides:

An agreement between a public employer and an exclusive representative entered into pursuant to this chapter governs the wages, hours, and terms and conditions of public employment covered by the agreement. * * * Where no agreement exists or where an agreement makes no

4

specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees. * * * [T]his chapter prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in this chapter or as otherwise specified by the general assembly.

{¶16}   As the Supreme Court of Ohio has stated, "[e]xcept for laws specifically exempted, the provisions of a collective bargaining agreement entered into pursuant to R.C. Chapter 4117 prevail over conflicting laws." *State ex rel. Parsons v. Fleming,* 68 Ohio St.3d 509, 513, 628 N.E.2d 1377 (1994), citing *Cincinnati v. Ohio Council 8, American Fedn. of State, Cty., and Mun. Emp., AFL-CIO,* 61 Ohio St.3d 658, 576 N.E.2d 745 (1991), paragraph one of the syllabus.

{¶17}   In the case at bar, we find no error in the trial court's judgment. There was no dispute that the issue of promotions was a permissive subject of collective bargaining. *See generally Cincinnati* at 664; R.C. 4117.08(C)(5). But Powell argues that the inclusion of promotions in Section 8.1 of the CBA was merely an acknowledgement that the parties could have chosen to alter the statutory scheme. He contends that Mt. Healthy and the union did not in fact bargain over the issue and that the provisions of R.C. Chapter 124 must therefore govern promotions in this case.

{¶18}   We find no merit in this contention. Contrary to Powell's argument, the CBA did not merely list promotions as a permissive subject of bargaining; it affirmatively granted Mt. Healthy the management right to determine the necessity

or propriety of promotions. Under R.C. 4117.10(A), that grant of rights in the CBA prevailed over any conflicting statute.

{¶19} Still, Powell emphasizes that Mt. Healthy continues to maintain a civil service commission and continues to conduct competitive examinations for police promotions. This course of conduct, Powell argues, demonstrates that the parties have intended to adhere to the procedures set forth in R.C. Chapter 124 and that management did not retain plenary power over promotions.

{¶20} Again, we are not persuaded by this argument. Even though Mt. Healthy admittedly employed the statutory mechanism for deciding *whom* to promote, it nonetheless explicitly reserved the right to determine *whether* to promote. Accordingly, we overrule the assignments of error.

### Conclusion

{¶21} We affirm the judgment of the trial court.

Judgment affirmed.

HENDON, P.J., and CUNNINGHAM, J., concur.

Please note:

The court has recorded its own entry this date.