OPINION
{¶ 1} Plaintiff-appellant Brittany N. Dearth appeals a decision of the Montgomery County Court of Common Pleas, which granted summary judgment for defendant-appellee Todd T. Stanley on April 18, 2007. Stanley's motion was originally filed as a Civ. R. 12(C) motion for judgment on the pleadings, but was converted by the trial court into a Civ. R. 56 motion for *Page 2 
summary judgment for the purpose of disposition. Dearth filed a timely notice of appeal with this Court on May 16, 2007. I {¶ 2} The incident which forms the basis of this appeal occurred in the early morning hours of April 14, 2005. At approximately 3:00 a.m., Officer Todd T. Stanley was on routine patrol in Butler Township when he encountered Michael P. Wilkinson in the parking lot of the Little York Tavern. After discovering that Wilkinson was intoxicated, Officer Stanley secured him in the back of his police cruiser. Officer Stanley then transported Wilkinson to his residence located at 604 Overla Boulevard in Englewood, Ohio.
 {¶ 3} Upon arriving at the residence, Officer Stanley observed Wilkinson's girlfriend, Victoria J. Long, and her daughter, Brittany Dearth, leaving the house. Dearth alleged in her complaint that she was aware that Wilkinson had a history of domestic violence with Long. Dearth claims that she informed Officer Stanley not to let Stanley out of the cruiser because "he is violent when he is drunk." Despite the warning, Officer Stanley released Wilkinson into the custody of Long. The record establishes that a short time after he was released, Wilkinson brutally beat Long, resulting in injuries that caused her death.
 {¶ 4} Dearth subsequently initiated proceedings in which she alleged that Officer Stanley was reckless and/or negligent when he released Wilkinson into the custody of Long after he was made aware of Wilkinson's violent tendencies when he was intoxicated. Dearth argued that Officer Stanley owed a general duty to the public, and to Long in particular, to protect them from a clearly intoxicated individual with violent tendencies.
 {¶ 5} As stated previously, Officer Stanley filed a Civ. R. 12(C) motion for judgment *Page 3 
on the pleadings on June 19, 2006. In a judgment entry dated April 18, 2007, the trial court converted Officer Stanley's motion for judgment on the pleadings into a Civ. R. 56 motion for summary judgment without providing notice to either party. The trial court sustained the converted motion, finding that the public duty doctrine precluded any recovery against Officer Stanley. The court also found that the doctrine of governmental immunity protected the actions taken by Officer Stanley in regards to the release of Wilkinson into the custody Long.
 {¶ 6} It is from this judgment that Dearth now appeals.
 II {¶ 7} Dearth's first assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN CONVERTING THE MOTION FOR JUDGMENT ON THE PLEADINGS TO A MOTION FOR SUMMARY JUDGMENT."
 {¶ 9} In her first assignment, Dearth contends that the trial court erred when it converted Officer Stanley's Civ. R. 12(C) motion for judgment on the pleadings into a Civ. R. 56 motion for summary judgment. Specifically, Dearth argues that Civ. R. 12(C) makes no provision for converting a motion for judgment on the pleadings into a summary judgment motion. Moreover, Dearth asserts that even if the trial court possessed the authority to convert the motion, the court erred when it failed to give the parties advance notice of its intention so that the opportunity would exist for the parties to provide the court with proper evidentiary materials required for a motion for summary judgment. Lastly, Dearth argues that the materials Officer Stanley attached to his amended answer should not have been considered by the trial court because they are not within the cited evidentiary materials which can be properly considered under Civ. R. 56. *Page 4 
 {¶ 10} In its judgment entry sustaining Officer Stanley's motion, the trial court stated only the following in regards to its decision to convert the motion for judgment on the pleadings to a motion for summary judgment:
 {¶ 11} "Although, [sic] Defendant has a Motion for Judgment on the Pleadings, the Court finds the instant motion to be more appropriately styled as a Motion for Summary Judgment."
 {¶ 12} With the exception of that lone statement, the trial court provided no further rationale or support for its decision to convert the motion for judgment on the pleadings to a motion for summary judgment.
 {¶ 13} Civ. R. 12(C) states in pertinent part:
 {¶ 14} "Motion for judgment on the pleadings. After the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings."
 {¶ 15} When a motion for judgment on the pleadings is made, the non-moving party is entitled to have all material allegations in the pleadings, with all reasonable inference to be drawn therefrom, construed in the non-moving party's favor as true. Master v.Shriner (October 18, 1985), Lucas App. No. L-85-011, citing Peterson v.Teodosio (1973), 34 Ohio St.2d 161, 297 N.E.2d 113. As Dearth correctly notes, Civ. R. 12(C) makes no provision for converting a motion for judgment on the pleadings to a motion for summary judgment.
 {¶ 16} On the other hand, Civ. R. 12(B) does provide for the conversion of a motion to dismiss to a motion for summary judgment. The rule states in pertinent part:
 {¶ 17} "* * * When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, *Page 5 the motion shall be treated as a motion for summary judgment anddisposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be givenreasonable opportunity to present all materials made pertinent to suchmotion by Rule 56."
 {¶ 18} The Civil Rules of Procedure make no express provision for allowing a trial court to convert a motion for judgment on the pleadings into a motion for summary judgment. However, the rules specifically provide for conversion of a motion to dismiss to one for summary judgment. A thorough review of Ohio law, particularly the case law cited by the parties, establishes that such a conversion is improper. "Nor can we find any policy justifications which would allow for the conversion when the non-moving party has not had a full and complete opportunity to be heard," as is the case in the instant matter. Master, supra. Thus, the trial court erroneously converted Officer Stanley's motion for judgment on the pleadings to a motion for summary judgment.
 {¶ 19} Equally significant to our determination is the fact that Dearth was not provided any notice that Officer Stanley's motion for judgment on the pleadings would be converted into a motion for summary judgment. Even if we were inclined to find that the trial court was possessed of the authority to take such an action, the court's failure to provide notice to the parties of the conversion amounts to reversible error.
 {¶ 20} Civ. R. 12(B) provides that when a trial court decides to convert a motion to dismiss for failure to state a claim, "[a]ll parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." The term "reasonable opportunity" embraces the requirement that the court give some clear form of notice to the parties of the *Page 6 
court's intention to treat the Civ. R. 12(B)(6) motion as one for summary judgment. Fraternal Order of Police v. D'Amico
(1982),4 Ohio App.3d 15, 17, 446 N.E.2d 198.
 {¶ 21} "If the conversion occurs unexpectedly, the non-moving party is left at the disadvantage of being unprepared to respond; hence notice is required. * * * The primary vice of unexpected conversion to summary judgment is that it denies the surprised party sufficient opportunity to discover and bring forward factual matters which may become relevant only in the summary judgment, and not the dismissal, context."Petrey v. Simon (1983), 4 Ohio St.3d 154, 447 N.E.2d 1285; citingPortland Retail Druggists Assn. v. Kaiser Found. Health Plan (C.A. 9, 1981), 662 F.2d 641, 645.
 {¶ 22} Neither party to this action disputes the fact that the trial court failed to provide notice of the conversion. Even if the rule contemplated this type of conversion (which it does not), Dearth was clearly prejudiced by the trial court's failure to provide notice of its intended action.
 {¶ 23} Therefore, Dearth's last argument in the first assignment that the materials Officer Stanley attached to his amended answer should not have been considered by the trial court because they are not within the cited evidentiary materials which can be properly considered under Civ. R. 56 is rendered moot.
 {¶ 24} However, we conclude that the trial court's conversion of the motion for judgment on the pleadings to a motion for summary judgment was harmless error. As this matter initially arose out of a motion for judgment on the pleadings under Civ. R. 12(C), we must conduct a de novo review of all legal issues without deference to the determination of the trial court. Flanagan v. Williams (1993), 87 Ohio App.3d 768, 772,623 N.E.2d 185, 187-188. *Page 7 
A motion for judgment on the pleadings pursuant to Civ. R. 12(C) presents only questions of law. Compton v. 7-Up Bottling Co./BrooksBeverage Mgt. (1997), 119 Ohio App.3d 490, 492, 695 N.E.2d 818, 819-820. Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint. Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 165,297 N.E.2d 113, 116-117. Dismissal is appropriate under Civ. R. 12(C) when, after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. State ex rel.Midwest Pride IV, Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570,664 N.E.2d 931, 936. Thus, giving full deference to Dearth, we must review the claims contained in her complaint in order to decide whether she is entitled to any relief.
 {¶ 25} Dearth's first assignment of error is overruled.
 III {¶ 26} Dearth's second assignment of error is as follows:
 {¶ 27} "THE TRIAL COURT ERRED IN FINDING THAT IMMUNITY APPLIES PURSUANT TO R.C. 2744.03(A)(6)(b) WHEN SAID SUBSECTION SETS FORTH AN EXCEPTION TO GOVERNMENTAL IMMUNITY."
 {¶ 28} In her second assignment, Dearth contends that the trial court erred when it held that Officer Stanley was entitled to immunity pursuant to R.C. § 2744.03(A)(6). In his capacity as an employee of a political subdivision, Officer Stanley is entitled to immunity pursuant to R.C. § 2744.03(A)(6) which states in pertinent part:
 {¶ 29} "(A) In a civil action brought against a political subdivision or an employee of a *Page 8 
political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by an act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:
 {¶ 30} "(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:
 {¶ 31} "(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
 {¶ 32} "(b) The employee's acts or omissions were with maliciouspurpose, in bad faith, or in a wanton or reckless manner;
 {¶ 33} "(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because that section uses the term `shall' in a provision pertaining to an employee."
 {¶ 34} In Count I of her complaint, Dearth affirmatively states that "the actions or omissions of the Defendant were taken in a reckless manner." Those "acts or omissions" Dearth is referring to are presumably Officer Stanley's actions in picking an intoxicated Wilkinson up in Butler Township, Ohio and transporting him to his residence in Englewood, Ohio. At Wilkinson's residence, Officer Stanley encountered the victim, Victoria Long, and her daughter, Dearth. At this point, Dearth allegedly asked Officer Stanley not to release Wilkinson into her *Page 9 
mother's care because "he is violent when he is drunk." Long, however, took responsibility for Wilkinson, and Officer Stanley left the residence. Wilkinson beat Long to death a short time thereafter. Dearth argues that these separate facts alleged in the complaint "with reasonable inferences drawn therefrom are sufficient to support a finding of recklessness on the part of Officer Stanley. We disagree.
 {¶ 35} It has been held that an act is reckless if it is "done with knowledge or reason to know of facts that would lead a reasonable person to believe that the conduct creates an unnecessary risk of physical harm and that this risk is greater than that necessary to make the conduct negligent." Thompson v. McNeill (1993), 53 Ohio St.3d 102, 104-105,559 N.E.2d 705. Recklessness has also been defined as "the perverse disregard of a known risk." Id.
 {¶ 36} Thus, we must determine whether the facts as alleged by Dearth in her complaint establish that Officer Stanley intended to cause harm, breached a known duty through an ulterior motive or will, or had a dishonest purpose. Other than her alleged statement to Officer Stanley that Wilkinson exhibited violent tendencies while intoxicated, there were no facts alleged in the complaint that support a finding of liability on the part of Officer Stanley for Wilkinson's murder of Long. Officer Stanley's decision to return Wilkinson to his residence was reasonable. He lacked authority to further detain or arrest Wilkinson. Long affirmatively chose to take custody of Wilkinson. Without more, this simply does not rise to the level of recklessness necessary to overcome the presumption of immunity for a police officer acting within the scope of his employment. Even construed in the non-moving party's favor as true, the material allegations in Dearth's complaint fail to establish that Officer Stanley acted in a reckless manner, and he is, therefore, entitled to government immunity pursuant to R.C.2744.03(A)(6). *Page 10 
 {¶ 37} Dearth's second assignment of error is overruled.
 IV {¶ 38} Dearth's third and final assignment of error is as follows:
 {¶ 39} "THE TRIAL COURT ERRED IN FAILING TO FIND THAT PLAINTIFF HAD ESTABLISHED AN EXCEPTION TO THE PUBLIC DUTY DOCTRINE."
 {¶ 40} In his motion for judgment on the pleadings, Officer Stanley argued that based on the facts as alleged in Dearth's complaint, her claims were barred by the public duty doctrine. In her response to Officer Stanley's motion, Dearth asserted that the public duty doctrine does not apply because her complaint establishes the existence of the special duty rule. Specifically, Dearth argued that a special relationship existed between Officer Stanley and Long which required Stanley to prevent the criminal actions of Wilkinson, a third party. The trial court disagreed with Dearth and held that the actions taken by Officer Stanley did not create a special relationship with Long. Thus, the special duty exception to the public duty doctrine was absent. In her third and final assignment, Dearth contends that the trial court erred when it held that she had failed to establish an exception to the public duty doctrine. Pursuant to Civ. R. 12(C), after construing all material allegations in Dearth's complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, we find that Dearth can prove no set of facts in support of her claim that the public duty doctrine does not apply to the instant case.
 {¶ 41} Under the public duty rule, a duty imposed by law upon a public official is not a duty to an individual, but a duty to the public in general. Sawicki v. Village of Ottawa Hills (1988), 37 Ohio St.3d 222,525 N.E.2d 468. However, the public duty doctrine is not an absolute defense, as it must be considered with the principles of public duty, special *Page 11 
relationship, and negligence. Burgess v. Doe (1996), 116 Ohio App.3d 61,66, 686 N.E.2d 1141, 1144. "If a special relationship is demonstrated, then a duty is established, and inquiry will continue into the remaining negligence elements." Sawicki, 37 Ohio St.3d at 230, 525 N.E.2d at 477. In order to demonstrate the existence of a special duty or relationship, the following elements must established: "1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; 2) knowledge on the part of the municipality's agents that inaction could lead to harm; 3) some form of direct contact between the municipality's agents and the injured party; and 4) that party's justifiable reliance on the municipality's affirmative undertaking." Sawicki, supra at ¶ 4 of the syllabus.
 {¶ 42} After a thorough review of the facts presented in Dearth's complaint, we conclude that she has failed to demonstrate that a special relationship was created when Officer Stanley turned custody of an intoxicated Wilkinson over to Long. The facts alleged in Dearth's complaint fail to demonstrate any assumption by Officer Stanley of an affirmative duty to act on behalf of Long. Officer Stanley made no promises nor did he act on Long's behalf. In fact, if the allegations in Dearth's complaint are taken as true, it was Long who affirmatively assumed a duty to be responsible for Wilkinson. Other than Dearth's statement to Officer Stanley that Wilkinson "is violent when he is drunk," Officer Stanley was not aware of any specific threats to Long from Wilkinson. Without more, Dearth's alleged statement standing alone is insufficient to establish a special relationship between Officer Stanley and the decedent, Long. Simply put, the facts of this case, as alleged in Dearth's complaint, are insufficient to overcome the requirements of the public duty doctrine.
 {¶ 43} Dearth's third assignment of error is overruled. *Page 12 
 IV {¶ 44} All of Dearth's assignments of error having been overruled, Officer Stanley's motion for judgment on the pleadings is sustained after our de novo review of Dearth's complaint has established that she has presented no claims which entitle her to relief pursuant to Civ. R. 12(C).
 BROGAN, J. and FAIN, J., concur. *Page 1