[Cite as *Offill v. State Farm Fire & Cas. Co.*, 2012-Ohio-6225.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| GERALDINE OFFILL | : | |
| | : | Appellate Case No. 25079 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2011-CV-1736 |
| v. | : | |
| | : | |
| STATE FARM FIRE & CASUALTY | : | (Civil Appeal from |
| COMPANY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of December, 2012.

. . . . . . . . . .

RICHARD B. REILING, Atty. Reg. #0066118, Richard B. Reiling & Associates, 5045 North Main Street, Suite 320D, Dayton, Ohio 45415
      Attorney for Plaintiff-Appellant

STEVEN O. DEAN, Atty. Reg. #0009095, Young & Alexander Co., L.P.A., 130 West Main Street, Suite 1500, Dayton, Ohio 45402
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Plaintiff-appellant Geraldine Offill appeals from a judgment on the pleadings

rendered against her on her complaint, and in favor of defendant-appellee State Farm Fire & Casualty Company. Offill contends that the trial court erred in granting State Farm's motion for judgment on the pleadings because her breach of contract claim was brought well within the fifteen-year statute of limitations set forth in R.C. 2305.06. Offill further contends that even if she was required to start her action against State Farm within one year of the loss of her personal property, she timely started her action when she filed her first complaint against State Farm in 2005. Finally, Offill contends that the trial court erred by not finding that the one-year limitations period in the insurance policy had been waived by State Farm's actions.

{¶ 2} We conclude that the trial court correctly found that State Farm was entitled to judgment on the pleadings because Offill failed to "start" her action against State Farm within one year of when her losses occurred. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3} In August of 2003, Geraldine Offill sustained a loss of personal property due to theft. On January 14, 2004, Offill sustained a loss of personal property due to a fire.

{¶ 4} On January 14, 2005, Offill commenced an action against State Farm. In her complaint, Offill alleged that State Farm breached a contract of insurance by failing to pay Offill for the losses of personal property she had incurred in 2003 and 2004. State Farm filed an answer to the complaint. On May 27, 2005, Offill filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A).

{¶ 5} On March 7, 2011, Offill again commenced an action against State Farm, alleging that State Farm had breached a contract of insurance with Offill by failing to pay her

for losses to her personal property she sustained in August of 2003 and January of 2004. Offill stated, in part: "Despite Plaintiff's repeated demands, and despite the fact that Plaintiffs have submitted sworn proofs of claims and underwent oral examinations, Defendant has refused and continues to refuse to compensate Plaintiff for her loss." Dkt. 1, ¶ 5. Offill did not attach a copy of the insurance policy to her complaint, but she identified the insurance policy as "policy #35-NG-3000-3." *Id.* at ¶ 2.

{¶ 6} State Farm filed an answer to Offill's complaint and attached a copy of a renter's insurance policy numbered 35-NG-3000-3. State Farm raised a number of defenses in its answer, including Offill's alleged failure to comply with the terms of the insurance policy. State Farm also filed a motion for judgment on the pleadings, contending that Offill failed to file her complaint against State Farm within one year after her losses to personal property were incurred, as required by the insurance policy. The provision of the insurance policy on which State Farm relied states:

> **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage. (Bolding sic.)

{¶ 7} Offill filed a memorandum in opposition to State Farm's motion for judgment on the pleadings. Offill contended that her breach of contract claim was subject to the fifteen-year limitations period established in R.C. 2305.06 and that the one-year requirement in the insurance policy was ambiguous. Offill based her ambiguity argument on *Dominish v. Nationwide Ins. Co.*, 11th Dist. Lake No. 2009-L-116, 2010-Ohio-3048.

{¶ 8} While State Farm's motion for judgment on the pleadings was pending, the

Supreme Court reversed the judgment of the Eleventh District Court of Appeals in *Dominish*. The Supreme Court held, in part:

> In isolation, any word or phrase in the contested policy language may be ambiguous. When considered as a whole, however, the provision is unambiguous. That the word "start" is not commonly used to indicate the commencement of a lawsuit does not mean that it refers to something else when it is used in a provision entitled "Suit Against Us." Similarly, though the word "action" can refer to virtually anything done by a person, there is no reason to think it refers to anything other than a lawsuit when used as part of a two- sentence provision entitled "Suit Against Us." The fact that the two sentences could have been written more clearly, and they could have, does not mean that they are ambiguous. * * * The policy states in language clear enough to be plainly understood that any lawsuit by an insured against Nationwide must be commenced within one year of the loss or damage sustained. We conclude that the policy language is not ambiguous. *Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, ¶ 8.

{¶ 9} Offill filed a surreply in opposition to State Farm's motion for judgment on the pleadings. Dkt. 30. Offill contended that the Supreme Court of Ohio erred in *Dominish,* and that Offill, like the plaintiff in *Dominish*, "started" her action against State Farm well within one year of her loss to personal property by filing a claim with State Farm within that year. Furthermore, in a footnote in her surreply, Offill stated:

Negotiations with State Farm continued after the filing of the suit as well. It is therefore the position of Plaintiff that in the event that the language of the policy was not ambiguous that State Farm waived any one year filing requirement. Although Plaintiff feels strongly that the policy does not contain a clear and unambiguous limitations provision, Plaintiff will seek to amend her complaint to assert wavier [sic] in the alternative. * * * Plaintiff will likewise seek leave to amend to argue that the limitations period contained in the policy is unreasonably short.

{¶ 10} The trial court granted State Farm's motion for judgment on the pleadings. The trial court held, in part:

In *Dominish*, the Court held that such language was clear and unambiguous and thus barred a lawsuit by the insured filed more than one year after the date of loss. * * * Accordingly, based on the authority set forth in *Dominish* and the striking similarity between the policy provision in that case and the case at bar, Defendant is entitled to judgment in its favor on the pleadings. Dkt. 32.

{¶ 11} From the judgment rendered against her, Offill appeals.

**II. Offill Failed to Start Her Action Within One Year of Her Loss**

{¶ 12} Offill's sole assignment of error states:

THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶ 13} "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Civ. R. 12(C). "A copy of any written

instrument attached to a pleading is a part of the pleading for all purposes." Civ.R. 10(C). "A motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law," and the standard of review is de novo. *Dearth v. Stanley*, 2d Dist. Montgomery No. 22180, 2008-Ohio-487, ¶ 24 (Citation omitted.)

{¶ 14} "Determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the complaint." *Id.*, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973). "Dismissal is appropriate under Civ.R. 12(C) when, after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief." *Id.*, citing *State ex rel. Midwest Pride IV, Inc. v. Pontius*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶ 15} The Supreme Court of Ohio, in *Dominish*, when faced with a virtually identical insurance policy provision, held that the insured must file a complaint against the insurer within one year of the loss that the insured suffered. Offill invites us to come to a different conclusion, contending that the holding of the Supreme Court of Ohio is incorrect. But we are bound by the Supreme Court's holding.

{¶ 16} Offill also contends that "even assuming that the one year period applied, the fact that the Appellee continued to negotiate after the expiration of the one year period constitutes waiver of the alleged limitations period." Brief, p. 3. Offill only made this argument in the trial court in a footnote in her surreply in opposition to State Farm's motion for judgment on the pleadings. Offill stated that she would seek leave to amend her

complaint to make a corresponding allegation to support the waiver argument. However, there is nothing in the record reflecting that she sought leave to do so. Consequently, there are no allegations in the pleadings of record to support Offill's contention on appeal that there were negotiations beyond the one-year period after Offill sustained her losses to personal property. Based on the record, we find no error in the trial court's decision granting State Farm's motion for judgment on the pleadings.

{¶ 17} Offill further contends that "assuming for the sake of argument that 'start' means to file a lawsuit, Appellant did in fact file a lawsuit in 2004 [sic]. The action was therefore 'started.' Nothing in the policy itself provides any limitation on when a lawsuit once 'started' may be re-filed." Brief, p. 3. We disagree. The Supreme Court has held that a virtually identical one-year limitation is not ambiguous. Furthermore, even under Offill's interpretation of "start," only one of the two losses alleged in Offill's complaint arguably would comply with the one-year limitation. Also, Offill failed to make this argument in the trial court. Finally, Offill's attempt to distinguish this case from *Dominish* is not persuasive. If we were to decline to apply the Supreme Court's holding in *Dominish* based solely on the fact that Offill filed an action in 2005 that she later voluntarily dismissed, then an insured could escape a one-year limitation in an insurance policy by the simple expedient of filing a complaint against the insurer within one year of the loss and then voluntarily dismissing the action, with the intent of re-filing the complaint any time within the remainder of the fifteen-year statute of limitations set forth in R.C. 2305.06. In our view, this is inconsistent with the logic of *Dominish*.

{¶ 18} Offill's sole assignment of error is overruled.

### III.   Conclusion

{¶ 19}   Offill's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., concurring in judgment.

Copies mailed to:

Richard B. Reiling
Steven O. Dean
Hon. Barbara P. Gorman