[Cite as *Sherrod v. Haller*, 2017-Ohio-5614.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| TRESSA SHERROD, et al. | : | |
| | : | Appellate Case No. 2016-CA-24 |
| Petitioners-Appellants | : | |
| | : | Trial Court Case No. 2016-CV-79 |
| v. | : | |
| | : | (Civil appeal from |
| STEPHEN K. HALLER, et al. | : | Common Pleas Court) |
| | : | |
| Respondents-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of June, 2017.

. . . . . . . . . . .

MICHAEL L. WRIGHT, Atty. Reg. No. 0067698, 130 West Second Street, Suite 1600, Dayton, Ohio   45402
and
RICHARD W. SCHULTE, Atty. Reg. No. 0066031, 865 South Dixie Drive, Vandalia, Ohio 45377
And
DENNIS MULVIHILL, Atty. Reg. No. 0063996, 23240 Chagrin Boulevard, Suite 620, Cleveland, Ohio 44122
        Attorneys for Petitioners-Appellants

STEPHEN K. HALLER, Atty. Reg. No. 0009172, by NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Greene County Prosecutor's Office, 61 Greene Street, 2nd Floor, Xenia, Ohio 45385
        Attorney for Respondents-Appellees

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Petitioners-appellants, Tressa Sherrod, individually and as executrix of the Estate of John H. Crawford, III; John Crawford, Jr.; and LeeCee Johnson, next friend of two minors, appeal from the trial court's dismissal of their Petition for Limited Release of Grand Jury Transcript (the "Petition"). Appellants argue that the trial court erred by "improperly bas[ing] its decision wholly on a mere recitation of the general benefits of not disclosing grand jury testimony" and a "speculative, irrelevant belief or hope" that they will eventually be able to obtain essentially the same information described in the Petition through other means. Appellants' Br. 5. Having reviewed the trial court's decision de novo, we conclude that the court did not err by dismissing the Petition, and we therefore affirm.

## I. Facts and Procedural History

{¶ 2} According to the parties, this case relates to the death of John Crawford, III at a Wal-Mart store in Beavercreek on August 5, 2014. *Id.* at 2; Appellees' Br. 1. They indicate that Mr. Crawford's death led to an investigation by the Greene County Prosecutor, the convening of a Greene County grand jury, and his family's filing of a lawsuit in the United States District Court for the Southern District of Ohio. Petition ¶ 4-6, 18; Appellants' Br. 2-3; *see* Appellees' Br. 1. They indicate, as well, that the United States Department of Justice is presently conducting an investigation. Appellants' Br. 4; Appellees' Br. 5.

{¶ 3} In the Petition, filed on February 2, 2016, Appellants allege that two officers with the Beavercreek Police Department were dispatched to the Wal-Mart store in response to a 911 call about "a black male * * * who[m] the caller claimed was pointing

an assault rifle at customers," and that after the officers arrived at the store, one of them shot and killed Mr. Crawford. Petition ¶ 1-3. Alleging further that the two officers testified before the Greene County grand jury without invoking their rights under the Fifth Amendment, Appellants requested the release of transcripts of the officers' testimony. Appellants predicated their request on their federal lawsuit, stating that the federal court had stayed the officers' depositions. Petition ¶ 19-23. In response, Appellees filed an answer generally denying Appellants' allegations, along with a motion to dismiss under Civ.R. 12(B)(6) in which they alternatively requested judgment on the pleadings under Civ.R. 12(C).

{¶ 4} The trial court sustained Appellees' motion pursuant to Civ.R. 12(C) and dismissed the Petition in a decision dated July 7, 2016 (the "Decision").[1] In the Decision, the court found that Appellants' claimed need for transcripts of the officers' testimony did not justify "an exception to the confidentiality mandate of [Crim.R.] 6." Decision 3-4. The court also noted that the federal "order [staying the officers' depositions] is subject to review and future modification," meaning that an "eventual and highly probable lifting of that order by the judge who imposed it will provide a comprehensive solution to [Appellants'] problem." *Id.* at 4.

## II. Analysis

{¶ 5} For their sole assignment of error, Appellants contend that:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING THE MOTION TO DISMISS A PETITION FOR RELEASE OF

---

[1] The trial court's decision of July 7, 2016 is an amended version of a decision it had filed two days earlier.

GRAND JURY TRANSCRIPT WHEN THE NEED FOR SECRECY, IF ANY,

IS FAR OUTWEIGHED BY THE NEED FOR DISCLOSURE FOR A CIVIL

LAWSUIT INVOLVING THE SAME WITNESSES.

**{¶ 6}** Dismissal "under Civ.R. 12(C) 'is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the [moving party] could prove no set of facts in support of [its] claim that would entitle [it] to relief.' " *State ex rel. Vandenbos v. City of Xenia*, 2d Dist. Greene No. 14-CA-14, 2015-Ohio-35, ¶ 11 (quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996)). Determination " 'of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any [attached] writings.' " Civ.R. 10(C); *Portfolio Recovery Assocs., LLC v. VanLeeuwen*, 2d Dist. Montgomery No. 26692, 2016-Ohio-2962, ¶ 7 (quoting *Offill v. State Farm Fire & Cas. Co.*, 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14). Thus, " 'Civ.R. 12(C) requires a determination that no material factual issues exist and [a finding] that the movant is entitled to judgment as a matter of law.' " *Vandenbos* at ¶ 11 (quoting *Midwest Pride IV*, 75 Ohio St.3d at 570). A " 'motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law, and the [appellate] standard of review is de novo.' " *See Portfolio Recovery Assocs.*, 2016-Ohio-2962, ¶ 5 (quoting *Inskeep v. Burton*, 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 7). Because the trial court sustained Appellees' motion under Civ.R. 12(C), we undertake a de novo review of the Decision, which entails a consideration of the merits of the Petition.

**{¶ 7}** A "court may order disclosure of evidence presented to a grand jury 'only

after [it] carefully weighs the need to maintain the secrecy of the grand jury proceedings against [the] petitioner's need for the information and determines that justice can only be done if disclosure is made.' " *Wiggins v. Kumpf*, 2d Dist. Montgomery No. 26263, 2015-Ohio-201, ¶ 8 (quoting *In re Petition for Disclosure of Evidence Presented to Franklin County Grand Juries in 1970*, 63 Ohio St.2d 212, 218, 407 N.E.2d 513 (1980)). To evaluate the need for secrecy of grand jury proceedings, a court should refer to the following five "reasons for preserving secrecy":

1.     [P]revent[ing] the escape of those whose indictment may be contemplated;

2.     [I]nsur[ing] the utmost freedom to the grand jury in its deliberations, and * * * prevent[ing] persons subject to indictment or their friends from importuning the grand jurors;

3.     [P]revent[ing] subornation of perjury or tampering with * * * witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it;

4.     [E]ncourag[ing] free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and]

5.     [P]rotect[ing] innocent [persons] who [are] exonerated from disclosure of the fact that [they have] been under investigation, and from the expense of standing trial where there was no probability of guilt.

*In re Petition for Disclosure*, 63 Ohio St.2d at 219 (quoting *United States v. Rose*, 215 F.2d 617, 628-629 (3d Cir. 1954)). The petitioner's burden to demonstrate " 'a particularized need for disclosure [that] outweighs the need for secrecy' " is, however, "a

threshold requirement." *State v. Curran*, 166 Ohio App.3d 206, 2006-Ohio-773, 850 N.E.2d 81, ¶ 16 (2d Dist.) (quoting *State v. Greer*, 66 Ohio St.2d 139, 420 N.E.2d 982 (1981), syllabus).

{¶ 8} Appellants argue that they have a particularized need for disclosure of the two police officers' grand jury testimony as a result of their federal lawsuit. Petition ¶ 19-22; Appellants' Br. 7-8. First, Appellants allege that the officers' testimony "will contain important witness information directly related" to their federal claims. Petition ¶ 20. Second, Appellants allege that because the officers' federal depositions have been stayed, their investigation of the background facts has been "severely hampered," leaving them "unduly prejudiced in their ability to prosecute" the case.

{¶ 9} Regarding Appellants' former allegation, the relevancy and potential usefulness of the officers' grand jury testimony for purposes of their federal lawsuit is readily apparent. Additionally, if the transcripts of the officers' testimony "were made available, [then Appellants' need to engage in] discovery through depositions, which might involve delay and substantial costs, would be avoided." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 2 L.Ed.2d 1077 (1958). These showings nevertheless "fall short of proof that without the transcript[s] [Appellants] would be greatly prejudiced or that * * * an injustice would be done." *Id.*

{¶ 10} Regarding Appellants' latter allegation, the "particularized need" test "is satisfied if, considering all of the surrounding circumstances, 'it is probable that the failure to disclose [grand jury] testimony will deprive the petitioner of a fair adjudication of a pending action.' " *Wiggins*, 2015-Ohio-201, ¶ 8 (quoting *State v. Webb*, 2d Dist. Greene No. 2005 CA 52, 2006-Ohio-1113, ¶ 12). Appellants do not assert that they will not be

able to depose the officers in the federal case. Instead, they note that as of "the time of the [filing of] the Petition, the stay had not been lifted"; that as of "the time [the trial court filed] the Decision, the stay had not been lifted"; and that despite the passage of "nearly two years since [they initiated] the [federal] [l]awsuit * * * no[body] knows when the stay will be lifted, if ever." Appellants' Br. 7-8. They add that "assum[ing] that the stay will be lifted before the trial of the [federal] [l]awsuit" is "speculative" at best. *Id.* at 8.

{¶ 11} Although the federal court's order staying the two officers' depositions has doubtless inconvenienced Appellants, the imposition of the stay itself does not satisfy the "particularized need" test. Even construing the allegations in the Petition entirely in Appellants' favor, as Civ.R. 12(C) requires, Appellants have at most established the possibility that they might not be able to obtain testimony from the officers without the release of the grand jury transcripts. They argue the trial court relied on speculation when it noted that "it is 'highly probable' that the federal court will 'eventual[ly]' lift the stay," but in the absence of a definitive showing that Appellants will more likely than not be unable to depose the two police officers before the federal lawsuit is tried, we cannot conclude that justice " 'can <u>only</u> be done if disclosure is made.' " *Wiggins*, 2015-Ohio-201, ¶ 8 (emphasis added) (quoting *In re Petition for Disclosure of Evidence Presented to Franklin County Grand Juries in 1970*, 63 Ohio St.2d 212, 218, 407 N.E.2d 513 (1980)); Appellants' Br. at 7 (quoting Decision 4). Appellants have accordingly not met their threshold burden, which obviates the need to consider the "five reasons for preserving [the] secrecy" of the officers' grand jury testimony. *State v. Curran*, 166 Ohio App.3d 206, 2006-Ohio-773, 850 N.E.2d 81, ¶ 16 (2d Dist.); *In re Petition for Disclosure*, 63 Ohio St.2d at 219.

### III. Conclusion

{¶ 12} We have reviewed the Decision de novo and find that the trial court did not err by sustaining Appellees' motion under Civ.R. 12(C) to dismiss the Petition. Therefore, we overrule Appellants' assignment of error and affirm the Decision.

. . . . . . . . . . . . .

HALL, P.J., concurs.

FROELICH, J., dissenting:

{¶ 13} I disagree, both on procedural grounds and on the merits, with the majority's conclusion that the trial court properly granted Respondents' Civ.R. 12(C) motion.

{¶ 14} At the outset, our review should be of the July 5, 2016 judgment entry. Respondents filed a motion to dismiss pursuant to Civ.R. 12(B)(6) and/or for judgment on the pleadings pursuant to Civ.R. 12(C).[2] The trial court granted Respondents' Civ.R. 12(C) motion for judgment on the pleadings in a "Decision and Final Judgment Entry" filed on July 5, 2016.

{¶ 15} On July 7, 2016, without any reference to the July 5 judgment, the court filed an "Amended July 7, 2016 Decision and Final Judgment * * * Granting Respondents' Motion for Judgment on the Pleadings." The only difference in the July 5 and July 7 documents is on page 4, where the July 5 judgment entry "finds that a denial of Petitioners' request to grant the disclosure sought herein *will* ultimately deprive Petitioners

---

[2] As noted by the Eighth District, "[s]easoned attorneys tend to utilize Civ.R. 12(C) because a dismissal under Civ.R. 12(B)(6) is often without prejudice and therefore nonfinal, whereas a Civ.R. 12(C) motion results in a judgment that is final and has preclusive effect." *Dragon v. Henderson*, 8th Dist. Cuyahoga No. 104021, 2016-Ohio-7305, ¶ 3, fn. 1.

of a fair adjudication of the allegations they have placed at issue in their Federal lawsuit * * *," whereas the July 7 Final Judgment "finds that a denial of Petitioners' request to grant the disclosure sought herein *will not* ultimately deprive Petitioners of a fair adjudication of the allegations * * *." (Emphasis added). Each judgment included the language that it "is a FINAL APPEALABLE ORDER and that THERE IS NO JUST CAUSE FOR DELAY." (Capitalization sic.)

{¶ 16} While the trial court *may* have had the authority to file a nunc pro tunc entry correcting what is perhaps a typographical error, *see* Civ.R. 60(A), the court did not have the authority, in the absence of a Civ.R. 60(B) motion, to vacate its final judgment entered on July 5, 2016. *See, e.g., Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981) ("[T]he Rules of Civil Procedure specifically limit relief from judgments to motions expressly provided for within the same Rules."); *State Auto. Mut., Inc. v. Brannan*, 2d Dist. Montgomery No. 26063, 2014-Ohio-2557 ("municipal court lacked authority as a matter of law to sua sponte vacate the default judgment entered against Brannan in the absence of a motion"). The second entry was a nullity in that it purported to amend a previous final judgment. *Id.*; *see Robinson v. Robinson*, 168 Ohio App.3d 476, 2006-Ohio-4282, 860 N.E.2d 1027, ¶ 17 (2d Dist.) (because a trial court cannot reconsider a final judgment, any order granting or denying a motion for reconsideration is a nullity).

{¶ 17} The final judgment before us granted the Respondents' motion to dismiss, pursuant to Civ.R. 12(C). As much as it seems to put form over substance, I would reverse the July 5, 2016 judgment on the ground that its conclusion is not supported by its own factual finding.

{¶ 18} Secondly, even if we were to review the July 7 judgment entry, the trial court's entry reflects that it considered information that was not properly before it when reviewing a Civ.R. 12(B)(6) or 12(C) motion. "The main difference between a Civ.R. 12(B)(6) motion and a Civ.R. 12(C) motion is timing and the material which may be considered." *JP Morgan Chase Bank, N.A. v. Belden Oak Furniture Outlet, Inc.*, 5th Dist. Stark No. 2010 CA 49, 2010-Ohio-4444, ¶ 20. A Civ.R. 12(B)(6) motion is ordinarily filed prior to the answer, and consideration of the motion is limited solely to the complaint, including any writings attached thereto. *Id.* A Civ.R. 12(C) motion is filed "after the pleadings are closed," allowing the trial court to consider all of the pleadings. *Karras v. Karras*, 2d Dist. Montgomery No. 27094, 2016-Ohio-8511, ¶ 31. For either motion, the trial court is restricted solely to the relevant pleading(s), and it cannot consider additional evidentiary materials.

{¶ 19} In ruling on either a Civ.R. 12(B)(6) motion or 12(C) motion, the trial court must (1) construe the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the plaintiff and accept the allegations as true, and (2) determine whether the plaintiff can prove any set of facts in support of the claim(s) that would entitle the plaintiff to relief. *E.g.*, *LaMusga v. Summit Square Rehab, LLC*, 2015-Ohio-5305, 43 N.E.3d 504, ¶ 45-46 (2d Dist.); *State ex rel. Lockard v. Wellston City Sch. Dist. Bd. of Edn.*, 2015-Ohio-2186, 35 N.E.3d 880, ¶ 6 (4th Dist.).

{¶ 20} The petition in this case contained various allegations to support a request for the release of certain grand jury testimony; Respondents filed an answer with general denials. Neither pleading included exhibits, pursuant to Civ.R. 10(C). In ruling on Respondents' motion for judgment on the pleadings, the trial court was restricted to

considering the limited information contained in these pleadings.

**{¶ 21}** While Respondents' motion to dismiss or for judgment on the pleadings was pending, the trial court ordered the preparation of "the extraction from the Grand Jury Transcripts to include only the testimony Officer Sean Williams and Sergant [sic] David Darkow provided to the Grand Jury of Greene County, Ohio * * *," to be filed under seal. The court indicated that the purpose of the order was so the court could conduct an in camera inspection of the officers' grand jury testimony. In its judgment entry granting Respondents' motion to dismiss pursuant to Civ.R. 12(C), the trial court indicated that it had "made an in camera inspection of the Grand Jury proceedings as they pertain to the testimony of Williams and Darkow." Although the trial court's rationale for granting the motion did not reference the grand jury testimony, the trial court's statement that it had reviewed the grand jury transcript suggests that it considered the transcript in reaching its decision.

**{¶ 22}** Third, again assuming that we could review the July 7 judgment entry, I would conclude that the trial court erred granting judgment, as a matter of law, in favor of Respondents. Crim.R. 6(E) provides that a grand jury testimony may be disclosed only when so directed by a court in connection with a judicial proceeding. As set out in paragraph seven, above, there are generally five reasons for preserving the secrecy of the testimony. None of these seems to be present here. However, even when none of those factors is present, release is still barred unless there is a "particularized need."[3]

**{¶ 23}** "Particularized need" is a question of fact, but generally it is shown where

---

[3] The Commission on Rules of Practice and Procedure in Ohio Courts has made recommendations to the Supreme Court to change this standard.

from a consideration of all surrounding circumstances, it is probable that the failure to disclose testimony will deprive the defendant of a fair adjudication of the judicial proceeding in which the testimony is sought to be used. *See State v. Heisey*, 2015-Ohio-4610, 48 N.E.3d 157, ¶ 36 (2d Dist.); *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 141. This should be a "highly flexible" standard so that as the requirements for grand jury secrecy diminish, the petitioner has a lower burden in showing a particularized need. *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979); s*ee also United States v. Sells Eng., Inc.*, 463 U.S. 418, 445, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (*Douglas Oil* standard is "highly flexible," "adaptable to different circumstances and sensitive to the fact that the requirements of secrecy are greater in some situations than in others"). As stated in *Douglas Oil*:

> It is clear * * * that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure. It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification.

*Id.* at 223.

**{¶ 24}** Normally, whether a particularized need for disclosure is shown is a question of fact and a denial of release will not be reversed absent an abuse of discretion. *State v. Coley*, 93 Ohio St.3d 253, 261, 754 N.E.2d 1129 (2001). However, a Civ.R. 12(C) dismissal is reviewed de novo since it is, by definition, a determination that the movant is entitled to judgment as a matter of law.

{¶ 25} The Petition for Limited Release of Grand Jury Transcript alleged, among other things, that (1) the grand jury has concluded and returned a no-true-bill so there is no risk of influencing its proceedings, (2) the subject of the grand jury was widely publicized and there is no secrecy involving any investigation, (3) Petitioners would be "unduly prejudiced" in their federal civil lawsuit if they are not able to obtain the testimony, (4) the testimony contains important witness information directly related to their civil lawsuit, (5) other methods of obtaining the testimony (e.g., deposition) have been stayed by the federal court, resulting in Petitioners' being "severely hampered in their investigation" of the matter, (6) Petitioners are limiting their request to two of eighteen grand jury witnesses, and the release sought is "limited in scope to the release necessary to satisfy the needs of Petitioners and prevent prejudice to them," (7) the testimony has already been transcribed and released to the federal government, and (8) Petitioners would accept any reasonable protective order.

{¶ 26} Construing as true all of Petitioners' allegations and the reasonable inference that Petitioners cannot obtain the requested information by other means and that this would deprive them of a fair adjudication in their civil lawsuit, I disagree that the trial court could find, as a matter of law, that Petitioners could not demonstrate a particularized need for the two officers' grand jury testimony. Rather, the trial court should have denied the Civ.R. 12(B)(6) and/or 12(C) motion and conducted further proceedings where evidentiary material could be introduced. As part of such motions or proceedings, the trial court could have properly conducted an in camera inspection of the grand jury testimony, assisted by counsel if necessary, and any other relevant factual material.

{¶ 27} I would reverse the trial court's Civ.R. 12(C) judgment, and I would remand for further proceedings.

. . . . . . . . .

Copies mailed to:

Michael L. Wright
Richard W. Schulte
Dennis Mulvihill
Stephen K. Haller
Nathaniel R. Luken
Hon. John P. Bessey
(sitting by assignment)