JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Larry Klayman, brings two appeals, which this court has consolidated for purposes of hearing and disposition. In Appeal No. 91298, appellant challenges the trial court's decision prohibiting him from representing himself along with co-counsel. In Appeal No. 91317, appellant challenges the trial court's decision to unseal certain documents from his divorce record that had been sealed by a Virginia court. After a thorough review of the records, and for the reasons set forth below, we affirm the decisions in both cases.
 {¶ 2} The parties were divorced in 2003 in Fairfax County, Virginia. At the time a final decree was entered by the Virginia court, the parties agreed to have the record in the divorce action sealed, and the court ordered that the record would "only be opened to the parties, their respective attorneys, and to such other persons as a judge of this court in his discretion shall decide to have a proper interest therein." (See Agreed Order, June 19, 2003.)
 {¶ 3} The instant case originated in the Cuyahoga County common pleas court, domestic relations division, on July 5, 2007, upon appellant's invocation of jurisdiction by petitioning the court to register a foreign decree. Appellant, by and through retained counsel, also moved the trial court to file under seal its judgment entry on his petition to register a foreign decree. On August 28, 2007, the trial court granted the petition to register the foreign decree, but denied the *Page 4 
motion to file its judgment entry under seal. Appellant did not appeal the ruling that denied his motion.
 {¶ 4} On August 31, 2007, the Virginia court issued an order stating that "the Court unseals the file in this case only for documents in the file to be used in filings in response to pleadings in foreign courts filed by Mr. Klayman. Prior to the filing of document(s) from this case in any foreign court, said document(s) shall be reviewed by a Judge in that foreign court, in chambers, for a determination of whether said documents are proper information to submit in response in that foreign court. Except for this provision, the court's file shall remained sealed."
 {¶ 5} Appellant filed motions to modify parental rights and responsibilities and to modify child support. Both parties engaged in discovery, although discovery efforts were not originally successful. Appellee moved for leave to submit filings and other materials from the Virginia proceedings. The trial court conducted an in camera review of specific documents in the record in accordance with the August 31, 2007 Virginia court order, and subsequently granted appellee's motion with respect to the requested documents on April 14, 2008.[1] *Page 5 
 {¶ 6} In September 2007, appellant's attorney was granted leave to withdraw his representation, and appellant filed a notice of appearance pro se.[2] The parties proceeded with discovery throughout the fall of 2007. On December 4, 2007, Attorney Roger Kleinman appeared on behalf of appellant and began to take an active role in appellant's representation. Kleinman conducted and defended nearly all the depositions taken in Ohio, appeared at pretrial conferences, and has submitted filings to the court under his signature.
 {¶ 7} On February 21, 2008, after the parties had encountered numerous stumbling blocks regarding discovery, appellee moved to strike appellant's motion to show cause and to clarify [appellee's] counsel's obligation to communicate with Mr. Klayman through counsel.
 {¶ 8} On April 10, 2008, the court granted appellee's motion to clarify, stating: "It is ordered that so long as Mr. Klayman is represented by counsel, only his counsel may question and cross-examine witnesses, make objections, present arguments and communicate with opposing counsel. Reasonable accommodation will be made for Mr. Klayman to consult with counsel during the proceedings, as would be accorded any other litigant."
 {¶ 9} On April 15, 2008, appellant filed a notice of appeal of the trial court's April 10, 2008 order, which restricted his pro se representation while *Page 6 
simultaneously being represented by retained counsel. On April 21, 2008, appellant filed a notice of appeal of the trial court's April 14, 2008 order, asserting that this court is not permitted to disregard the confidentiality provisions of the marital agreement as incorporated into the divorce decree. These appeals were consolidated by this court.
 Final Appealable Orders {¶ 10} As an initial matter, we address the issue of whether the orders in the two cases are final and appealable. The controlling sections of the revised code for determining whether these are final, appealable orders are found in R.C. 2502.02 at subsections (A)(3)[3]
and (B)(4).[4]
 {¶ 11} In Appeal No. 91298, appellant challenges the trial court's restriction on his pro se representation while he has retained counsel. He argues that the court's order effectively disqualified him as counsel in his own case. In reliance on Polikoff v. Adam (1993),67 Ohio St.3d 100, 616 N.E.2d 213, this court has held that "a determination of what constitutes a special proceeding *Page 7 
requires an examination of the nature of the relief sought. Thus, to qualify as a special proceeding under Polikoff, supra, the remedy sought by the aggrieved party (1) must be that which is conferred by an Ohio statute, or (2) it must be a proceeding that represents what is essentially an independent judicial inquiry.
 {¶ 12} Applying the above analysis to the instant case, we find that "disqualification of counsel necessitates an independent judicial inquiry on issues of fact and law that does not arise from the pleading. It is controlled by an independent review mechanism (the Disciplinary Rules) unconnected to the facts and issues in the pleading. It is, therefore, reviewable immediately, as a final appealable order, pursuant to R.C. 2505.02." Ross v. Ross (1994), 94 Ohio App.3d 123,640 N.E.2d 265. We therefore hold that the trial court's order disqualifying appellant from representing himself is a final, appealable order.
 {¶ 13} In Appeal No. 91317, appellant challenges the trial court's unsealing of certain documents that were filed under seal by a Virginia court. This court has held that an order granting or denying the revelation of confidential or privileged information is a provisional remedy. In Johnson v. Univ. Hosps. of Cleveland, Cuyahoga App. No. 80117, 2002-Ohio-1396, the court held that "[t]he discovery of privileged information is a provisional remedy under R.C. 2505.02(A)(3)." The Johnson court stated that "[i]f [appellant] is required to disclose the privileged information, no meaningful or effective remedy exists *Page 8 
because once the information has been disclosed, there is no way to undo the damage." Id.
 {¶ 14} It would be unfair to find that the court's order was not a final, appealable order at this stage, allow the case to be resolved, and then review whether the court erred in unsealing the documents at issue. Therefore, we find that the trial court's decision to open some of the documents that had been sealed in the Virginia divorce action was a provisional remedy, subject to appellate review under R.C. 2505.02(A)(3). We now address the merits of the case.
 Pro Se Representation {¶ 15} "I. The trial court erred as a matter of law in holding that a pro se litigant is precluded from functioning as co-counsel."
 {¶ 16} "II. The trial court abused its discretion in prohibiting a pro se party from functioning as co-counsel where the pro se party is an attorney licensed to practice in three out-of-state jurisdictions, the pro se party had been functioning as co-counsel since September, 2007, and the order of prohibition was issued ten days before trial."
 {¶ 17} In Appeal No. 91298, appellant raises two assignments of error, both relating to the trial court's decision preventing him from acting pro se while simultaneously being represented by counsel. Appellant argues that the trial *Page 9 
court abused its discretion by precluding him from representing himself while he was being represented by retained counsel.
 {¶ 18} Whether to allow hybrid representation remains within the sound discretion of the trial judge. United States v. Daniels (C.A.5, 1978),572 F.2d 535 at 540; United States v. Wilson (C.A.4, 1977),556 F.2d 1177, 1178, cert. denied, 434 U.S. 986, 98 S.Ct. 614, 54 L.Ed.2d 481
(1977); United States v. Pinkey (C.A.10, 1977), 548 F.2d 305, 310;United States v. Bennett (C.A.10, 1976), 539 F.2d 45, 49, cert. denied,429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976). To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 19} This issue of hybrid representation has been addressed by the Ohio Supreme Court in the context of criminal cases, but not specifically in civil cases. In the criminal context, Ohio law holds that "[n]either the United States Constitution, the Ohio Constitution, nor case law mandates such a hybrid representation. * * * Although appellant has the right to appear pro se or to have counsel, he has no corresponding right to act as co-counsel on his own behalf." State v.Thompson (1987), 33 Ohio St.3d 1, 514 N.E.2d 407.
 {¶ 20} Looking to other jurisdictions that have addressed the issue of hybrid representation in civil cases, we are persuaded by the reasoning and logic of those courts, which have denied civil litigants the right to represent *Page 10 
themselves while also being represented by counsel. In Frank M.McDermott, Ltd. v. Moretz (C.A.4, 1990), 898 F.2d 418, the court held that hybrid representation is not permitted to a civil litigant. The court stated: "[B]ecause the defendant and his firm were represented by retained counsel, defendant Moretz had no right to proceed pro se. * * * In order for defendant Moretz to have proceeded pro se he must have immediately discharged the other attorneys who had filed appearances on his behalf." (Internal citations omitted.) Id.; see, also, Schumm v.State (Ind.App. 2007), 866 N.E.2d 781 (court affirmed trial court's denial of plaintiff's ability to represent himself and be represented by co-counsel).
 {¶ 21} Appellant touts the fact that he is a licensed attorney and therefore may be even more qualified to proceed pro se and have active co-counsel. Even under this analysis, the court is not required to permit hybrid representation, and its decision to preclude it will not reversed by an appellate court absent a showing of abuse of discretion. See Maple Heights v. Redi Car Wash (1988), 51 Ohio App.3d 60,554 N.E.2d 929 ("trial court has wide discretion in the exercise of its duty to supervise members of the bar appearing before it, and the court's ruling will not be disturbed absent a showing that the court abused its discretion"); Royal Indem. Co. v. J. C. Penney Co. (1986),27 Ohio St.3d 31, 501 N.E.2d 617 (trial court has the "inherent power to regulate the practice before it *Page 11 
and protect the integrity of its proceedings," which includes the "authority and duty to see to the ethical conduct of attorneys in proceedings" before the court).
 {¶ 22} The record shows that appellant interrupted his own attorney during depositions and, in some instances, instructed a deponent on how or when to answer. Appellant obstructed reasonable discovery requests by filing countless motions to quash and by failing to produce documents. There is no evidence that the trial court abused its discretion by effectively disqualifying appellant from continuing pro se representation while he was simultaneously being represented by counsel. In an effort to manage its own courtroom, the trial court properly ordered the case to proceed solely under the direction of appellant's retained counsel.
 {¶ 23} We find that the trial court did not err by precluding appellant from proceeding pro se while simultaneously being represented by counsel. Appellant's assignments of error in Appeal No. 91298 are overruled.
 Unsealing of Records {¶ 24} "I. The trial court erred when it failed to rule that pleadings from the Virginia divorce action would need to be filed under seal and thus could be published in public court documents." *Page 12 
 {¶ 25} In Appeal No. 91317, appellant raises a sole assignment of error challenging the trial court's order unsealing select documents from the parties' Virginia divorce action. We find no merit in appellant's argument.[5]
 {¶ 26} It is undisputed that in 2003, the parties agreed to have the record of their Virginia divorce action sealed pursuant to Va. Code § 20-124. It is also undisputed that appellant initiated the underlying action in the Cuyahoga County common pleas court, domestic relations division, when he sought custody of the parties' minor children and a modification of child support. What is disputed is the authority of an Ohio trial court to unseal certain documents that were originally sealed by a Virginia court.
 {¶ 27} We agree with appellant that, absent authority, the trial court could not unseal the record of the parties' divorce action. The marital agreement contains clear language that "[t]he court record shall remain sealed, and any and all pleadings filed with regard to the matters set forth in this Agreement in the future, whether in Virginia or elsewhere, shall also be sealed and kept confidential." The contemporaneous agreed order, however, allows the record to "be opened to the parties, their respective attorneys, and to such other persons as a judge of this court in his discretion shall decide to have a proper interest therein." (Agreed Order, June 19, 2003.) *Page 13 
 {¶ 28} Appellant also neglects to mention the subsequent Virginia court order that provides a lawful mechanism for foreign courts to unseal the file for the express purpose of using documents in subsequent cases. Specifically, the Virginia court ordered that documents from the file to be used in "response to pleadings in foreign courts filed by Mr. Klayman" could be unsealed once a judge in that foreign court makes an in camera inspection and determines that they are "proper information to submit in response in that foreign court." See August 31, 2007 order.
 {¶ 29} Appellee requested that the trial court conduct an in camera inspection of documents she needed to respond to appellant's custody and child support motions. Upon request, and by the exact method provided for by the Virginia court, the trial court exercised its grant of authority to unseal three documents from the record. (See fn. 1.)
 {¶ 30} We cannot ignore, as appellant attempts to do, that the Virginia court ordered a lawful mechanism for unsealing some or all of its record by a foreign court. Therefore, we overrule this assignment of error and affirm the trial court's decision to unseal certain documents. We nonetheless decline to impose App. R. 23 sanctions on appellant.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 14 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., P.J., and MELODY J. STEWART, J., CONCUR
[1] The April 14, 2008 order effectively unsealed the Divorce Judgment Entry and Attachments, the Judgment Entry dated October 11, 2007, and the transcript of the October 11, 2007 hearing.
[2] Appellant is an attorney licensed to practice in three states, not including Ohio; however, this fact is irrelevant to the procedural posture of this appeal.
[3] R.C. 2505.02(A)(3) states: "`Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence."
[4] R.C. 2505.02(B) states in relevant part: "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: * * * (4) An order that grants or denies a provisional remedy and to which both of the following apply: (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy. (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
[5] Appellee argues that appellant's appeal is not timely because he was required to appeal the August 28, 2007 or August 31, 2007 order. Both orders were issued by a Virginia court, and we would have no jurisdiction to hear that appeal. *Page 1