[Cite as *Walling v. Wagner*, 2016-Ohio-5444.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LARRY D. WALLING | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   26807 |
| | : | |
| v. | : | T.C. NO. 14CV6596 |
| | : | |
| H. CHARLES WAGNER | : | (Civil Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___19th___ day of _____August_____, 2016.

. . . . . . . . . . .

LARRY D. WALLING, Federal Correction Complex, Inmate #69415-061, P. O. Box 1033, Coleman, Florida 33521
        Plaintiff-Appellant

HOLLY MARIE WILSON, Atty. Reg. No. 0074291 and JULIAN EMERSON, Atty. Reg. No. 0088429, 101 W. Prospect Avenue, Suite 1400, Cleveland, Ohio 44115
        Attorneys for Defendant-Appellee

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Larry Dwayne Walling appeals, pro se, from a judgment of the Montgomery County Court of Common Pleas, which granted attorney H. Charles Wagner's Civ.R. 12(C) Motion for Judgment on the Pleadings on Walling's complaint for legal malpractice. Wagner's motion for judgment on the pleadings asserted, and the trial court found, that

Walling's claim for legal malpractice had been filed beyond the statutory limitations period. For the following reasons, the judgment of the trial court will be affirmed.

## I. Civ.R. 12(C) Motion for Judgment on the Pleadings

{¶ 2} "In the determination of a Civ.R. 12(C) motion, the nonmoving party is entitled to have all of the material allegations in the pleading[s], with all reasonable inferences to be drawn therefrom, construed in his favor as true." *American Tax Funding L.L.C. v. Miamisburg,* 2d Dist. Montgomery No. 24494, 2011-Ohio-4161, ¶ 31. With the allegations so construed, entry of judgment on the pleadings pursuant to Civ.R. 12(C) is only appropriate where the court finds, beyond doubt, that the plaintiff could prove no set of facts in support of the claim that would entitle the plaintiff to relief. *Hester v. Dwivedi,* 89 Ohio St.3d 575, 577-78, 733 N.E.2d 1161 (2000), citing *State ex rel. Midwest Pride IV, Inc. v. Pontious,* 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996); *Portfolio Recovery Assocs., L.L.C. v. VanLeeuwen*, 2d Dist. Montgomery No. 26692, 2016-Ohio-2962, ¶ 15.

{¶ 3} A motion for judgment on the pleadings is an appropriate vehicle to seek dismissal of a cause of action, where the running of the statute of limitations is apparent from the face of the complaint. *Oskowski v. Mercy Med. Ctr.*, 2d Dist. Clark No. 95-CA-88, 1996 WL 125915, *2 (Mar. 22, 1996), citing *Hughes v. Robinson Memorial Portage Cty. Hosp.* 16 Ohio App.3d 80, 474 N.E.2d 638 (11th Dist. 1984), *abrogated on other grounds* in *Edens v. Barberton Area Family Practice Ctr.*, 43 Ohio St.3d 176, 539 N.E.2d 1124 (1989).

{¶ 4} With respect to motions made pursuant to Civ.R. 12(C), a court may consider material incorporated into the pleadings. *Tran v. State*, 10th Dist. Franklin No. 09AP-587, 2009-Ohio-6784, ¶ 18, citing *Victory Academy of Toledo v. Zelman,* 10th Dist. Franklin

No. 07AP-1067, 2008-Ohio-3561, ¶ 7; *State ex rel. Lockard v. Wellston City School Dist. Bd. of Edn.,* 2015-Ohio-2186, 35 N.E.3d 880 (4th Dist.) ("all of the documents attached to the complaint and the answer are documents that may be properly considered" in rendering a judgment on the pleadings under Civ. R. 12(C)). *See also Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 14.

{¶ 5} "A motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law, and the standard of review is de novo." *Inskeep v. Burton,* 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 7, citing *Dearth v. Stanley,* 2d Dist. Montgomery No. 22180, 2008-Ohio-487. *See also Offill v. State Farm Fire & Cas. Co.,* 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14. De novo review requires an "independent review of the trial court's decision without any deference to the trial court's determination." *Jackson v. Internatl. Fiber,* 169 Ohio App.3d 395, 2006-Ohio-5799, 863 N.E.2d 189, ¶ 17 (2d Dist.), quoting *State ex rel. AFSCME v. Taft,* 156 Ohio App.3d 37, 2004-Ohio-493, 804 N.E.2d 88, ¶ 27 (3d Dist).

## II. Facts and Procedural History

{¶ 6} Walling's claim relates to the legal representation he received in a case that was handled in the U.S. District Court, Southern District of Ohio (Dayton). [1]

{¶ 7} For reasons that are not apparent from the record and are not relevant to this

---

[1] The facts and, to some extent, the procedural history of the case are gathered from the complaint, the answer, and the attachments thereto, in keeping with the narrow scope of Civ.R. 12. The documents attached to Walling's complaint and/or Wagner's answer in this case include Walling's own affidavit, copies of the dockets of the federal district court's proceedings related to the forfeiture of several of Walling's vehicles and his 2011 conviction of possession of a firearm by a convicted felon, several of the filings in federal court related to Walling's request for return of his forfeited property, and the district court's decision overruling that motion.

appeal, in January 2008, Walling was on probation. When a probation officer visited his home on January 3, various indicia of new crimes and/or probation violations were found, including a kilogram of cocaine, more than $50,000 in cash, titles to several vehicles, and a firearm. Keys to a safe deposit box were also found and, when a search warrant was obtained and executed, $32,000 in cash was found in the safe deposit box.

{¶ 8} Walling was incarcerated for nine months for his "violation of parole." It is unclear from the pleadings whether Wagner represented Walling in any proceedings related to the probation violation. Beginning in February 2008, Walling "retained * * * Wagner * * * to represent Him, after learning that [he] could be charged with a violation of the Federal law * * *, being a convicted felony [sic] in possession of a firearm."

{¶ 9} In April 2008, Wagner advised Walling that the Drug Enforcement Agency would forego bringing charges against him for drug offenses if he would voluntarily forfeit the property confiscated in the searches of his home and safe deposit box. Walling signed the forfeiture documents, and no drug charges were filed. Walling was charged, however, with one count of possession of a firearm by a convicted felon. The complaint states that, while this charge was pending (around November 2010), Walling told Wagner that he would like to "retrieve" his previously forfeited property, but that Wagner refused to make any efforts in this regard, stating that he had done all that he could legally do.

{¶ 10} In 2011, Walling pled guilty to the firearm offense and was sentenced to 78 months of imprisonment.[2]

---

[2] The appellate briefs suggest sentences of different lengths: Walling's brief refers to an 87-month sentence, which was apparently discussed during the plea negotiations and at the sentencing hearing; Wagner's brief refers to a 97-month sentence. The district court's judgment imposes a 78-month sentence, but notes that the sentence "was

{¶ 11} On December 11, 2012, Walling filed a pro se motion for the return of his property (approximately $85,000 and multiple vehicles) in the federal district court. The Government opposed the motion. On April 15, 2013, the trial court overruled the motion; the decision and entry indicates that it was mailed to Walling, with a "courtesy copy" also mailed to Wagner.

{¶ 12} On November 25, 2014, Walling, acting pro se, filed a complaint against Wagner in the Montgomery County Court of Common Pleas for legal malpractice (by committing breach of contract and breach of fiduciary duty) in failing to seek the return of his forfeited property. Wagner filed an answer. On February 17, 2015, Wagner filed a motion for judgment on the pleadings, in which he asserted that Walling's claim was barred by the one-year statute of limitations for legal malpractice claims. Walling opposed the motion. On July 22, 2015, the trial court granted Wagner's motion.

### III. When the Statute of Limitations Began to Run

{¶ 13} On appeal, Walling raises one assignment of error in which he asserts that the trial court erred in determining that his complaint was filed outside the statute of limitations. Walling claims that the court "never decided when and if termination of the professional relationship" occurred. While it is true that the court did not specify, definitively, when the relationship had terminated, it did find that the professional relationship ended *no later than* April 15, 2013, when the federal district court overruled Walling's pro se motion for the return of his property. Based on this conclusion, the court found that the complaint filed on November 25, 2014, was barred by the statute of

---

reduced from the 87 months imposed at the time of sentencing * * * to correct an error in the calculation of the 87 month sentence."

limitations.

{¶ 14} It is undisputed that the statute of limitations for a legal malpractice claim is one year. R.C. 2305.11(A). A cause of action, no matter how it is labeled, will be subsumed into a malpractice claim where that claim arises out of "the manner in which the attorney represented the client." *Muir v. Hadler Real Estate Mgt. Co.,* 4 Ohio App.3d 89, 90, 446 N.E.2d 820 (10th Dist.1982); *Taft, Stettinius, & Hollister, L.L.P. v. Calabrese*, 1st Dist. Hamilton No. C-150097, 2016-Ohio-4713, ¶ 13. Thus, Walling's references to Wagner's breach of contract and breach of fiduciary duty do not change the nature of his claim as one alleging legal malpractice.

{¶ 15} A cause of action accrues "when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later." *Zimmie v. Calfee, Halter & Griswold,* 43 Ohio St.3d 54, 58, 538 N.E.2d 398 (1989). Thus, in determining whether an action was filed within the statute of limitations, a court must determine when the client should have known that he or she may have an injury caused by his or her attorney, and when the attorney-client relationship terminated. "The latter of these two dates is the date that starts the running of the statute of limitations." *Smith v. Conley,* 109 Ohio St.3d 141, 2006-Ohio-2035, 846 N.E.2d 509, ¶ 4.

{¶ 16} Walling filed a pro se motion in federal court for return of the seized property on December 11, 2012. The common pleas court found that, at the time this motion was filed, Walling "was by then aware, or should have been aware, of the seriousness of his

attorney's alleged non-action and the possible damage * * * ." Thus, if this were the latter of the two dates, his complaint for malpractice, filed on November 25, 2014, was filed more than one year from when the cause of action accrued and outside of the statute of limitations.

{¶ 17} The trial court also analyzed when the attorney-client relationship had terminated, and it found that there were two possible dates. The first was, again, December 11, 2012. The court reasoned that the filing of a pro se motion on that date, seeking recovery of the forfeited property, "is evidence that the attorney-client relationship between Walling and Attorney Wagner [had] then terminated with respect to that particular transaction or undertaking." Alternatively, the court stated that, even if the pro se filing was insufficient to demonstrate the prior termination of the attorney-client relationship, the district court's April 15, 2013, judgment dismissing Walling's motion for the return of the seized property "functioned to terminate the attorney-client relationship," because it was "a final order determining Walling's rights with respect to the legal matter for which he had retained Attorney Wagner." The trial court concluded that, using either date as the date on which the attorney-client relationship terminated, Walling's complaint was filed beyond the statute of limitations.

{¶ 18} We agree with the trial court that the district court's April 2013 judgment dismissing Walling's motion for the return of seized property was, at the latest, the point at which the attorney-client relationship terminated, and that Walling knew or should have known no later than that time that he may have a claim against Wagner for failing to pursue the return of his (Walling's) forfeited property. There is no suggestion in the pleadings that Walling and Wagner engaged in any professional relationship after April

2013. Nor is there any allegation that Walling and Wagner even communicated after the charges against Walling were resolved in 2011, at which point Wagner had already told Walling that he (Wagner) would not make any effort to recover the forfeited property. For these reasons, the trial court properly concluded that the cognizable event had occurred no later than April 2013, and that Walling's November 2014 complaint for legal malpractice was barred by the statute of limitations.

{¶ 19} Having agreed with the trial court's conclusion that the cognizable event (here, the end of the attorney-client relationship) occurred no later than April 2013, we need not address the court's conclusion that the attorney-client relationship might have terminated earlier, with the filing of Walling's pro se motion in December 2012. We recognize that a defendant who is represented by counsel may not act as co-counsel on his own behalf. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 33; *United States v. Mosely,* 810 F.2d 93, 97 (6th Cir.1987), citing *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ("a person accused of a felony has a constitutional right to be represented by counsel and to have counsel appointed for him if he cannot afford one, *or,* alternatively, to represent himself in such proceedings." (Emphasis added in *Mosely*)). *See also Clark v. Perez*, 510 F.3d 382 (2d Cir.2008) ("[T]here is no constitutional right to hybrid representation.").

{¶ 20} We also recognize that, where a defendant who is represented by counsel files a pro se motion for which defense counsel does not indicate his or her support, the pro se motion is not proper, and the trial court may strike it from the record. *State v. Wyley,* 8th Dist. Cuyahoga No. 102899, 2016-Ohio-1118, ¶ 9; *State v. Davis,* 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039, ¶ 12

{¶ 21} Nonetheless, we are reluctant to conclude that a pro se filing should be construed as irrebuttable evidence that the attorney-client relationship has come to an end. The filing of a pro se document is effectuated by the clerk, not the court, and such filings are not uncommon. Many litigants who file motions or other documents on their own behalf may not fully understand that, in the court's view, it is not appropriate for them to do so. Moreover, in certain situations, courts have the discretion to hear from a represented defendant personally. *See, e.g., United States v. Rivernider*, __ F.3d __, 2016WL3632496, * 9, fn. 5 (2d Cir.2016); *Klayman v. Luck*, 8th Dist. Cuyahoga No. 91298, 2008-Ohio-5876, ¶ 18 (a civil case); *State v. Kirk*, 5th Dist. Delaware No. 01-CA-A-11-058, 2002-Ohio-3584, ¶ 21 (a criminal case). To hold that a pro se filing, without more, is proof of the termination of the attorney-client relationship is to give too much weight and too drastic an effect to such a filing. Regardless, in this situation, Walling was aware in April 2013, when his pro se motion was dismissed, of any potential malpractice involving not having property returned to him.

{¶ 22} The assignment of error is overruled.

## IV. Conclusion

{¶ 23} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Larry D. Walling
Holly Marie Wilson
Julian Emerson
Hon. Thomas J. Grady,
Visiting Judge