[Cite as *27795*, 2018-Ohio-2963.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| BILTMORE TOWER APARTMENTS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27795 |
| | : | |
| v. | : | Trial Court Case No. 17-CVG-2694 |
| | : | |
| MICHAEL DALTON, et al. | : | (Civil Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of July, 2018.

. . . . . . . . . . .

DERRICK A. STRAHORN, Atty. Reg. No. 0034483, 6233 N. Main Street, Dayton, Ohio 45415
    Attorney for Plaintiff-Appellee

MICHAEL DALTON, P.O. Box 18137, Cincinnati, Ohio 45218
    Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Michael Dalton appeals from a trial court order granting Biltmore Tower Apartments restitution of the apartment in which Dalton had been living. Finding no error, we affirm.

### I. Background

{¶ 2} Since 2011, Dalton has lived at the Biltmore Tower Apartments in a rental unit subsidized by the Department of Housing and Urban Development (HUD). Dalton's lease states that each year he must recertify that he is eligible to receive the rent subsidy. In the annual recertification, Biltmore reviews Dalton's income based on an interview and information provided by Dalton. In early January 2017, Biltmore sent Dalton a reminder about the annual recertification and asked him to schedule an appointment on one of six days that month on which interviews were being conducted. Dalton did not respond. At the beginning of February, Biltmore sent him a second reminder and asked him to schedule an interview later that month. Dalton still did not respond. In early March, Biltmore sent him a third reminder and asked him to schedule an interview later that month. Dalton did not respond.

{¶ 3} On March 9, Biltmore gave Dalton a written 30-day notice to vacate because he had failed to recertify and was therefore in violation of his lease. Dalton did not respond. On May 10, Biltmore gave him written notice that he had to vacate the apartment by the end of the month. The notice included contact information and told Dalton that he had the right to request a meeting. Dalton neither requested a meeting nor provided the necessary information for recertification. Neither did Dalton vacate his apartment.

{¶ 4} In June 2017, Biltmore filed the present action in forcible entry and detainer.

The matter was referred to a magistrate. At a hearing, Dalton moved to dismiss the case on the grounds that Biltmore had failed to provide him with adequate notice—notice that complied with federal and Ohio law. Bifurcating the case, the magistrate first decided the notice issue. On September 8, 2017, the magistrate determined that the notices were proper and overruled Dalton's motion to dismiss. On October 23, the magistrate held a second hearing on whether Dalton had failed to recertify and was in violation of his lease. Testifying at the hearing were the property manager for Biltmore and Dalton. A number of exhibits were also admitted into evidence. At the end of the hearing, the magistrate had some choice words for Dalton:

> I have to just say Mister Dalton's testimony today, I have to say is the most evasive and dishonest of any defendant that I've had in this courtroom for several months, if not all year. He couldn't even answer my simple questions without trying to beat around the bush and make everything ambiguous * * *. I believe that Mister Dalton is making money under the table. He's getting money from his ex-girlfriend. He's making money in his business, but he has this convoluted idea in his head that he can, as far as the business is concerned, well I'm just not going to have any books to show anybody, and I'm not going to file any taxes, I'm just going to say well I don't really know how much I worked or when I worked it's very ambiguous, but I know that my expenses were more than that. But, he has absolutely nothing to show that and quite frankly I can understand Mister Dalton why the new management wants to have more detailed paperwork. I'm not really sure what the prior management was doing, but kudos to them. I wouldn't believe

a word that you said. So, you could have an affidavit signed in blood for all I care. I wouldn't trust anything that was on it that had your name on it, sir. * * * You are getting money under the table, so you can still keep your rent at the twenty-five dollars. You didn't want to sign anything. You don't want to provide anything. I also don't believe you that you didn't get your notices. * * * [T]he bottom line is you did not comply, you did not recertify.

(Oct. 23, 2017 Hearing Tr. 95-96). Not surprisingly, the magistrate granted Biltmore restitution of Dalton's apartment. On October 27, the trial court adopted the magistrate's decision.

{¶ 5} Dalton filed pro se a motion for written findings of fact and conclusions of law on October 30. Two days later, he filed pro se a "MOTION FOR EXPEDITED DECISION Immediate Stay Pending Motion Resolution and Magistrates Objections Motion to Vacate Judgment Biltmore Tower Apartments Plaintiff Lack of Capacity to Sue or Maintain, Motion to Strike Entire Record." On November 3, Dalton filed pro se a notice of appeal from the trial court's restitution judgment—before the magistrate had issued any written findings and conclusion and before Dalton had filed any objections to the magistrate's decision. The magistrate issued written findings of fact and conclusions of law on November 6.[1] The magistrate also temporarily stayed the eviction. And on November 22, Dalton filed objections.

{¶ 6} Dalton's appeal is now before us.

## II. Analysis

---

[1] The docket summary lists this filing as November 8, but the time stamp on the filing says November 6. The time stamp prevails.

**{¶ 7}** Dalton presents five assignments of error:

Appellee lacks standing, capacity to sue or maintain this court action or any court action in the State of Ohio under RC 1329.10(B). The trial court has a Lack of Jurisdiction.

The trial court abused its discretion, ruled against the manifest weight of evidence, contrary to law and equity when it denied Appellant's Motion to Dismiss and their determination that all notices were proper in form and properly served.

The Appellee relinquished a known legal right and commissioned an act that is inconsistent with enforcement of that right, as such Appellee waived the claim of failure to recertify when they presented Appellant an unlawful backdated Interim Recertification on 04/24/2017. The Appellee is barred by the doctrine of estoppel.

Appellant has completed all HUD requirements for recertification as a matter of law and equity.

Appellee failed to follow the mandated HUD requirement of Chapter 8 Termination.

We do not need to address the assignments of error, because threshold procedural issues are dispositive of this appeal.

**{¶ 8}** "The Supreme Court of Ohio has 'consistently held that once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.' " *Brown v. Potter*, 2d Dist. Montgomery Nos. 26774, 26775, 2015-Ohio-4289, ¶ 8, quoting *State ex*

*rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13. "In other words, a trial court lacks jurisdiction to act on 'those claims that could be affected while the appeal [is] pending.' " *Id.*, quoting *Electronic Classroom* at ¶ 15-16.

{¶ 9} Here, once Dalton filed the notice of appeal, the magistrate lost jurisdiction to rule on the motion for findings of fact and conclusions of law. Of course, the motion was improper anyway because Dalton filed it pro se while he was represented by counsel; and the trial court properly ignored it. And as we have said, "where a defendant who is represented by counsel files a pro se motion for which defense counsel does not indicate his or her support, the pro se motion is not proper, and the trial court may strike it from the record." (Citations omitted.) *Walling v. Wagner*, 2d Dist. Montgomery No. 26807, 2016-Ohio-5444, ¶ 20.

{¶ 10} Dalton's filing of the notice of appeal also means that the trial court lacked jurisdiction to rule on his objections to the magistrate's decision. Even if trial court jurisdiction had not been lost by the appeal, the objections were untimely. After a magistrate files written findings of fact and conclusions of law a party has fourteen days to file objections. Civ.R. 53(D)(3)(b)(i) (assuming that this provision applies in forcible entry and detainer actions). Here, the magistrate filed the written findings and conclusions on November 6. Dalton filed his objections on November 22, two days late.

{¶ 11} Consequently, no objections have properly been made to the magistrate's restitution decision. Civ.R. 53(D)(3)(b)(iv) states that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by

Civ.R. 53(D)(3)(b)." Because Dalton failed to properly file objections, our review is limited to claims of plain error. This "require[s] a showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. It is Dalton's burden to show plain error. *Id.* He does not claim plain error, and we see none.

### III. Conclusion

**{¶ 12}** All the assignments of error are overruled. The trial court's judgment is affirmed.

. . . . . . . . . . . .

WELBAUM, P. J., and TUCKER, J., concur.

Copies mailed to:

Derrick A. Strahorn
Michael Dalton
Hon. Daniel G. Gehres