[Cite as *Bolin v. Allstate Property and Casualty Ins. Co.*, 2018-Ohio-3396.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| CHARLES E. BOLIN, et al. | : | |
| | : | |
| Plaintiffs-Appellants/Cross-Appellees | : | Appellate Case No. 27764 |
| | : | |
| | : | Trial Court Case No. 2016-CV-3491 |
| v. | : | |
| | : | (Civil Appeal from |
| ALLSTATE PROPERTY AND | : | Common Pleas Court) |
| CASUALTY INSURANCE COMPANY, | : | |
| et al. | : | |
| | : | |
| Defendants-Appellees/Cross-Appellants | | |

. . . . . . . . . .

O P I N I O N

Rendered on the 24th day of August, 2018.

. . . . . . . . . .

THOMAS M. KOLLIN, Atty. Reg. No. 0066964, and KAILA L. McCLELLAN, Atty. Reg. No. 0097102, 3725 Pentagon Boulevard, Suite 270, Beavercreek, Ohio 45431
    Attorneys for Plaintiffs-Appellants/Cross-Appellees

JASON P. WALKER, Atty. Reg. No. 0079535, and WILLIAM SCOTT LAVELLE, Atty. Reg. No. 0015132, 41 South High Street, Suite 2300, Columbus, Ohio 43215
    Attorneys for Defendants-Appellees/Cross-Appellants

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} On October 3, 2017, the trial court filed its "Entry and Order Granting [Appellees]' Motion to Dismiss," which constituted a final judgment in favor of Defendants-appellees, Allstate Property and Casualty Insurance Company, and Allstate Fire and Casualty Insurance Company.   The entry reflected the trial court's dismissal of the third of five claims for relief asserted by Plaintiffs-appellants, Carolyn Bolin, Charles E. Bolin, and Charles N. Bolin, and implicitly incorporated its earlier "Decision and Entry Granting [Appellees'] Motion for Judgment on the Pleadings as to Counts I, II, IV and V," which the court had docketed on March 21, 2017.

{¶ 2} Raising three assignments of error, Appellants argue that: (1) the trial court misconstrued the parties' contracts of insurance and misapplied the law in dismissing their cause of action for bad faith (and their appurtenant claim for punitive damages) largely on the basis of the limitations period established by the contracts; (2) the trial court abused its discretion by imposing a discovery sanction on them in an entry and order filed on August 31, 2017; and (3) the dismissal of their third claim for relief was procedurally invalid because the trial court improperly allowed Appellees to move for dismissal of the claim under Civ.R. 56 on the morning of the first day of trial, after the deadline for dispositive motions had passed.   In a single-cross assignment of error, Appellees argue that if the trial court erred, then it erred by refusing to dismiss all five of Appellants' claims for relief in its decision of March 21, 2017.

{¶ 3} We concur with the trial court's determination that the contractual limitations period set by the parties' contracts began to run on the date of loss to covered property, rather than the date on which Appellants' claims under the contracts were denied, but we

find that the court erred in its decision of March 21, 2017, by applying the contractual limitations period to Appellants' cause of action for bad faith. Further, we find that despite the procedural impropriety of entertaining a motion under Civ.R. 56 at the outset of trial, Appellants were not unfairly prejudiced because they did not state an independently supportable cause of action in their third claim for relief.

{¶ 4} Therefore, we affirm the trial court's judgment with respect to its dismissal of Counts I, II and III of Appellants' amended complaint, and we reverse the court's judgment with respect to its dismissal of Counts IV and V. Appellants' second assignment of error and Appellees' cross-assignment of error are overruled as moot.

## I. Facts and Procedural History

{¶ 5} A fire on June 4, 2015, at Appellants' residence in New Lebanon caused damage to the residence itself and to certain personal property, including a boat, a recreational vehicle and a trailer.[1] Am. Compl. ¶ 5-11 and 16, Dec. 16, 2016. Appellants' residence, boat and trailer were insured by Appellee, Allstate Property and Casualty Insurance Company. *Id.* at ¶ 7 and 9. The residence was insured under Policy No. 980 518 070, and the boat and the trailer were insured under Policy No. 980 881 737. *Id.* Appellants' recreational vehicle was insured by Appellee, Allstate Fire and Casualty Insurance Company, under Policy No. 980 999 356. *Id.* at ¶ 8.

{¶ 6} On an unspecified date "[s]hortly after the fire," Appellants submitted claims

---

[1] The recreational vehicle was a fifth-wheel style camper and was not self-propelled, though it was a "vehicle" for purposes of R.C. 4501.01(A). *See* Am. Compl. ¶ 8. We refer to it as a recreational vehicle to distinguish it from the trailer covered under the same policy.

to Appellees pursuant to the respective policies.[2]  *Id.* at ¶ 12.  Appellees denied Appellants' claims on or about June 15, 2016.  *Id.* at 13; Answer to Am. Compl. ¶ 13, Dec. 27, 2016.

**{¶ 7}** Appellants filed a complaint against Appellees on July 11, 2016.  On October 26, 2016, Appellees moved for judgment on the pleadings.  The trial court overruled the motion and granted Appellants leave to amend their complaint.  On December 16, 2016, Appellants filed an amended complaint asserting the following five causes of action: Count I, declaratory judgment; Count II, breach of contract; Count III, negligence; Count IV, bad faith; and Count V, punitive damages.

**{¶ 8}** Appellees filed a second motion for judgment on the pleadings on January 17, 2017.  In a decision entered on March 21, 2017, the trial court sustained the motion in part and overruled the motion in part, dismissing Counts I, II, IV and V.  Decision on Defs.' Second Mot. for J. on the Pleadings 7, Mar. 21, 2017.

**{¶ 9}** On July 10, 2017, Appellees moved to sanction Appellants under Civ.R. 37(B)(2) for failure to comply with a discovery order.  Appellants did not timely oppose the motion, and on August 31, 2017, the court sustained the motion in part.  Finding that Appellants violated its earlier order, the court restricted Appellants from introducing "evidence of [their] alleged damages other than the trial testimony of the record owner(s) of the real [and] personal property for which [they] seek compensation."  Entry and Order

---

[2] In their answer to the amended complaint, Appellees admitted that "<u>one</u> of the [appellants] presented <u>a</u> claim." (Emphasis added.)  Answer to Am. Compl. ¶ 12; *compare with* Am. Compl. ¶ 12.  At the hearing on Appellees' first motion for judgment on the pleadings, however, Appellees' attorney remarked that Appellants filed suit "after <u>their claims</u> were denied," which is obviously incompatible with the foregoing denial. (Emphasis added.)  Tr. of Proceedings 5:9-5:18.  In any event, Appellees offer no argument in their briefs concerning how many claims were submitted or by whom.

1, Aug. 31, 2017.

{¶ 10} On September 19, 2017, the parties appeared for the first day of trial. At that time, Appellees moved, "[p]ursuant to [Civ.R.] 41(B), [for] involuntary dismiss[al] of the case," arguing that Appellants' "sole remaining cause of action," the claim for negligent fulfillment of contractual duties in Count III of the amended complaint, did not constitute a cognizable claim for relief. Tr. of Proceedings 35:23-36:7. Asked by the court whether Appellees were also relying on the authority of Civ.R. 56, Appellees responded in the affirmative. *Id.* at 36:9-37:4. Appellants objected to the application of Civ.R. 56 and moved for a continuance on that basis. *Id.* at 37:7-37:22 and 40:17-42:14.

{¶ 11} The trial court overruled Appellants' motion for a continuance and, as reflected in its final entry of October 3, 2017, sustained Appellees' motion to dismiss. *Id.* at 40:17-42:14. On October 16, 2017, Appellants timely filed a notice of appeal, and Appellees filed a notice of cross-appeal on October 20, 2017. Appellants filed an amended notice of appeal under App.R. 3(F) on October 23, 2017.

## II. Analysis

{¶ 12} For their first assignment of error, Appellants argue that:

THE TRIAL COURT ERRED IN SUSTAINING ALLSTATE'S MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶ 13} In its decision of March 21, 2017, the trial court sustained in part and overruled in part Appellees' second motion for judgment on the pleadings. Appellants contend that the trial court erred by dismissing their causes of action for declaratory judgment and breach of contract pursuant to the one-year limitations period specified in

each of the three insurance policies.[3]   *See* Appellants' Br. 5-6; Decision on Defs.' Second Mot. for J. on the Pleadings 5.   Appellants contend further that the court erred by dismissing their cause of action for bad faith, which sounds in tort, because of its "intimate[ ] relat[ionship] to [their cause of action for] breach of contract."   Appellants' Br. 5-6; Decision on Defs.' Second Mot. for J. on the Pleadings 6.

**{¶ 14}** Civ. R. 12(C) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."   Under the rule, a court may consider only " 'the allegations in the pleadings and any writings attached to the complaint' " in making its decision.   *Inskeep v. Burton*, 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 7, quoting *Peterson v. Teodosio*, 34 Ohio St.2d 161, 165, 297 N.E.2d 113 (1973); *see also* Civ.R. 10(C)-(D).   The "material allegations in [the] complaint, [along] with all reasonable inferences drawn [from them]," must be "construed [as true] in [the non-moving party's] favor."   *Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 99, 616 N.E.2d 519 (8th Dist.1992), citing *Fischer v. Morales*, 38 Ohio App.3d 110, 112, 526 N.E.2d 1098 (10th Dist.1987).   Judgment on the pleadings "may be granted only when no material factual issues exist, and the movant is entitled to * * * judgment as a matter of law."   (Citations omitted).   *Burnside v. Leimbach*, 71 Ohio App.3d 399, 403, 594 N.E.2d 60 (10th Dist. 1991).   On appeal, a trial court's ruling on a motion under Civ.R. 12(C) is reviewed de novo.   *Walling v. Wagner*, 2d Dist. Montgomery No. 26807, 2016-Ohio-5444, ¶ 5, citing *Inskeep* at ¶ 7, and *Offill v. State Farm Fire & Cas. Co.*, 2d Dist. Montgomery No. 25079, 2012-Ohio-6225, ¶ 14.

---

[3] Appellants' cause of action for breach of contract comprises claims under each of the three policies.   Am. Compl. ¶ 7-9 and 21.

{¶ 15} A motion for judgment on the pleadings can be "characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted," given that the purpose of such a motion is to resolve questions of law, as opposed to questions of fact. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001); *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996). Pursuant to Civ.R. 12(B)(6), a motion to dismiss for failure to state a claim upon which relief can be granted "is [a] procedural [motion that] tests the sufficiency of [a] complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). When a court reviews a motion to dismiss, it "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." (Citations omitted.) *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). The movant "may not rely on allegations or evidence outside the complaint." *Hanson*, 65 Ohio St. 3d at 548.

{¶ 16} For a "trial court to dismiss a complaint under Civ.R. 12(B)(6) * * *, it must appear beyond doubt that the plaintiff can prove no set of facts * * * that would entitle the plaintiff to the relief sought." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), and *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, 872 N.E.2d 254, ¶ 14; *see also Sacksteder v. Senney*, 2d Dist. Montgomery No. 24993, 2012-Ohio-4452, ¶ 35-46. The standard for dismissal under Civ.R. 12(B)(6) is consistent with Civ.R. 8(A), which requires that a complaint "contain * * * a short and plain statement of the claim [or claims] showing

that the [plaintiff] is entitled to relief." *See City of Cincinnati v. Beretta U.S.A. Corp.,* 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29.

{¶ 17} Here, Appellants contend that the trial court erroneously fixed the start of the contractual one-year limitations period on the date of loss to their covered property, instead of the date on which their claims were denied, because they "had no damages until they discovered that [Appellees did] not [intend] to [compensate them for their losses]." Appellants' Br. 9-10; Decision on Defs.' Second Mot. for J. on the Pleadings 5. Appellants' home was insured pursuant to Section I of homeowner's Policy No. 980 518 070. Am. Compl. ¶ 7 and Ex. 1. Number 12 on the list of "conditions" applicable to Section I of the policy states that actions "in any way related to the existence or amount of coverage, or [to] the amount of loss for which coverage is sought," must be "commenced within one year after the inception of loss or damage." *Id.* at Ex. 1.

{¶ 18} Appellants' recreational vehicle was insured pursuant to Part 4 of automobile Policy No. 980 999 356. *Id.* at ¶ 8 and Ex. 2. In Section V of the attached "Ohio Amendatory Endorsement AFA57-2," the policy states that actions "in any way related to the existence or amount of coverage" or to "the amount of loss for which coverage is sought, under Part 4," must be "commenced within one year after the date of loss." *Id.* at Ex. 2.

{¶ 19} Appellants' boat and trailer were insured pursuant to Section I of boatowner's Policy No. 980 881 737. *Id.* at ¶ 9 and Ex. 3. Number 13 on the list of "conditions" applicable to Section I of the policy states that "[a]ny suit or action must be brought within one year after the date of loss." *Id.* at Ex. 3. Section III(B) of the attached "Ohio Boatowner[']s Amendatory Endorsement AS112-1" amended the foregoing to state

that actions "in any way related to the existence or amount of coverage, or [to] the amount of loss for which coverage is sought," under Section I, must be "commenced within one year after the inception of loss or damage." *Id.*

{¶ 20} Although none of the policies formally defines the term "loss" or the term "damage," the use of the terms throughout the policies—for example, in the list of conditions applicable to Section I of Policy No. 980 518 070; in the description of coverage in Part 4 of Policy No. 980 999 356; and in the description of coverage in Section I of Policy No. 980 881 737—establishes that "loss" and "damage" refer to the occurrence of harm to persons or property as a matter of fact, rather than to the date on which any concomitant cause of action might accrue as a matter of law. We find accordingly that the trial court did not err by determining that the "date of loss" in the instant case was June 4, 2015—the date of the fire at Appellants' residence. Am. Compl. ¶ 7-11 and 16.

{¶ 21} Appellants contend further that Appellees waived the right to enforce the policies' limitations provisions by "continually request[ing] documents and other information" throughout the one-year limitations period, and by taking "over [one] year to deny coverage." Appellants' Br. 10. As Appellants acknowledge, one-year limitations clauses in insurance contracts are generally enforceable under Ohio law. *Id.* at 9; *see, e.g., Bullet Trucking, Inc. v. Glen Falls Ins. Co.*, 84 Ohio App.3d 327, 330, 616 N.E.2d 1123 (2d Dist.1992); *Scarberry v. W. Reserve Group*, 4th Dist. Highland No. 14 CA 6, 2015-Ohio-240, ¶ 10. Even so, a waiver of an insurance policy's contractual limitation period "may [have] occur[red]" when "an insurer, by its acts or declarations, evidences a recognition of liability under [a] policy, and the evidence reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in

bringing an action on the [policy]." *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 431, 424 N.E.2d 311 (1981); *Bullet Trucking* at 330.

{¶ 22} Despite arguing that Appellees waived application of the limitations provisions, Appellants do not allege in their amended complaint that Appellees expressed a recognition of liability pursuant to any of the policies, or that Appellees induced them to delay the filing of their lawsuit through the making of settlement offers. Though Appellants do allege that "[s]hortly after the fire * * *, [Appellees] presented a settlement offer" with respect to Appellants' claim for their recreational vehicle, they allege further that Appellees "subsequently rescinded the offer." Am. Compl. ¶ 53-54. Appellants do not allege that Appellees presented any other settlement offers, nor do they allege that Appellees otherwise led them to expect payment. *See generally id.* The amended complaint thus includes no allegations that, if proven true, would satisfy the two-part *Hounshell* test, and we find that the trial court did not abuse its discretion by applying the contractual limitations period to Appellants' causes of action for declaratory judgment and breach of contract.[4] *See Hounshell* at 431-432; *Bullet Trucking* at 330-332.

{¶ 23} Appellants also contend that the relevant "policy language is ambiguous and * * * must be construed in [their] favor" as a result. Appellants' Br. 11. They offer three examples of the purported ambiguity, citing one provision of their homeowner's policy which "states that [an] action must be commenced within one year 'after the inception of loss or damage' "; citing a second provision of the same policy which "states that an action * * * must be commenced 'within one year after the date of loss' "; and citing

---

[4] Appellants raised the waiver argument in their memorandum in opposition to Appellees' second motion for judgment on the pleadings, though the trial court did not expressly refer to this argument in its decision on the motion.

a third provision which "states that an action * * * must be commenced within one year 'of the date the cause of action accrues.' " *Id.* Appellants have not addressed the corresponding limitations provisions in the automobile and boatowner's policies. Appellants' Br. 11-12.

{¶ 24} Although Appellants characterize these examples as "competing provisions [that] contemplate different starting dates," the first and second examples contemplate the same starting date—i.e. the date on which the harm to person or property occurs— and the third example is inapposite. In the "general" provisions applicable to Policy No. 980 518 070, the policy states that "[a]ny action * * * to which neither [of the specific limitations provisions in the "conditions" to Section I and Section II] applies must be commenced within one year of the date the cause of action accrues"; this part of the policy, then, applies only to those causes of action falling outside the scope of the specific limitations provisions established in the conditions to Section I and Section II. Am. Compl., Ex. 1. Considering the whole language of the policies, we find that the one-year limitations provisions applicable to Appellants' claims under Policy Nos. 980 518 070, 980 881 737 and 980 999 356 are not readily susceptible of more than one meaning. *See Dominish v. Nationwide Ins. Co.*, 129 Ohio St.3d 466, 2011-Ohio-4102, 953 N.E.2d 820, ¶ 3-8. We find for all of the foregoing reasons that the trial court did not err by dismissing Counts I and II of Appellants' amended complaint.

{¶ 25} Additionally, Appellants maintain that the trial court erred by applying the contractual limitations period to their cause of action for bad faith (and their appurtenant claim for punitive damages) because of its "intimate[ ] relat[ionship] to [their cause of action for] breach of contract." Appellants' Br. 5-6; Decision on Defs.' Second Mot. for J.

on the Pleadings 6. Given that a cause of action for bad faith sounds in tort, the limitations clauses in the policies did not apply, and we find as a result that the trial court erred by dismissing Counts IV and V of the amended complaint. *See Bullet Trucking*, 84 Ohio App.3d at 333, 616 N.E.2d 1123.

{¶ 26} Finding that the trial court correctly determined the date of Appellants' loss to be June 4, 2015; that Appellees did not waive application of the limitations provisions under the three policies; that the policies' relevant provisions are not ambiguous; and that the trial court erred by dismissing Appellants' cause of action for bad faith (and appurtenant claim for punitive damages) pursuant to the contractual limitations period, we sustain in part and overrule in part Appellants' first assignment of error.

{¶ 27} We next consider Appellants' third assignment of error, in which Appellants argue that:

THE TRIAL COURT ERRED IN GRANTING ALLSTATE'S ORAL MOTION TO DISMISS[.]

{¶ 28} Appellants contend that the trial court's entry and order of October 3, 2017, should be reversed as it relates to Count III of their amended complaint because the court improperly converted Appellees' oral motion under Civ.R. 41(B) to a motion for summary judgment after the expiration of the deadline for dispositive motions, without advance notice, and without giving Appellants a reasonable opportunity to respond. Appellants' Br. 13-16. Although we agree that the trial court's decision was procedurally incorrect, a cause of action for negligent performance of a contract is not a cognizable tort claim under Ohio law. *See, e.g., Motorists Mut. Ins. Co. v. Said*, 63 Ohio St.3d 690, 590 N.E.2d 1228 (1992); *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St.3d 272, 276, 452 N.E.2d 1315 (1983)

(noting that "it is well established in Ohio that it is no tort to breach a contract, regardless of motive"). In this case, Appellants' third claim for relief is necessarily indistinguishable from their claim for breach of contract, and thus the claim for negligence does not support a separate cause of action.

{¶ 29} With respect to Count III of the amended complaint, the trial court's entry of October 3, 2017, was effectively a reconsideration of its decision of March 21, 2017, in which it ruled on Appellees' second motion for judgment on the pleadings. We find that because Appellants failed to state a claim upon which relief can be granted in Count III, the trial court's dismissal of the claim would have been proper pursuant to Civ.R. 12(C). Consequently, Appellants were not unfairly prejudiced. Appellants' third assignment of error is overruled.

{¶ 30} For their second assignment of error, Appellants argue that:

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING ALLSTATE'S MOTION FOR SANCTIONS WHEN IT PROHIBITED APPELLANTS FROM USING ANY EVIDENCE OF DAMAGES OTHER THAN THE TRIAL TESTIMONY OF THE RECORD OWNERS OF THE PROPERTY[.]

{¶ 31} In its order sanctioning Appellants, the trial court found that "the appropriate sanction for [Appellants]' failure to comply with [the] [c]ourt's February 22, 2017," discovery order was "to restrict [their] ability to support their sole-remaining cause of action," which at the time was the cause of action for negligence in Count III of the amended complaint. Entry and Order 1, Aug. 31, 2017. Appellants challenge the sanction as an abuse of discretion. Appellants' Br. 12.

{¶ 32} Our disposition of Appellants' third assignment of error, however, renders the sanction moot. Therefore, we overrule Appellants' second assignment of error.

{¶ 33} For their cross-assignment of error, Appellees argue that:

THE TRIAL COURT ERRED IN ITS MARCH 21, 2017 DECISION AND ENTRY WHEN IT FAILED TO GRANT APPELLEES/CROSS-APPELLANTS' MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING COUNT III, NEGLIGENCE, IN THE FIRST AMENDED COMPLAINT.

{¶ 34} In their cross-assignment of error, Appellees contend that the trial court erred by declining to dismiss Count III of the amended complaint in its decision on their second motion for judgment on the pleadings. Appellees' Br. 22. Appellees' cross-assignment of error has likewise been rendered moot by our disposition of Appellants' third assignment of error and is, accordingly, overruled.

### III. Conclusion

{¶ 35} We find that the trial court did not err by determining that the applicable limitations provisions set forth in Policy Nos. 980 518 070, 980 881 737 and 980 999 356 began to run on June 4, 2015. Nevertheless, we find that the court erred by applying the limitations provisions to Appellants' cause of action for bad faith (and their appurtenant claim for punitive damages). Therefore, the trial court's judgment is affirmed with respect to Counts I, II and III of the amended complaint, reversed with respect to Counts IV and V, and remanded for further proceedings.

. . . . . . . . . . . . .

WELBAUM, P.J., concurs.


FROELICH, J., concurring:

{¶ 36} I disagree that the negligent performance of a contract is never a cognizable tort claim; however, in this case, the essence of Count III arises from contract and does not support any other claim, and therefore I concur.


Copies mailed to:

Thomas M. Kollin
Kaila L. McClellan
Jason P. Walker
William Scott LaVelle
Hon. Timothy N. O'Connell